# EXHIBIT 1-A

MICHAEL K. JEANES
Clerk of the Superior Court
By Martha Wanke, Deputy
Date 03/11/2010 Time 14:19:01
Description                          Amount
---------- CASE# CV2010-051209 ----------
CIVIL NEW COMPLAINT                  301.00

TOTAL AMOUNT                         301.00
              Receipt# 20414773

Philip J. Nathanson    Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 101
Scottsdale, AZ 85260
(480) 419-2578
(480) 419-4136
philipj@nathansonlawfirm.com

*Attorney for Defendants*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MARCUS LABERTEW aka MARK LABERTEW; JOHN MCDERMOTT aka JACK MCDERMOTT and JENNIFER MCDERMOTT, husband and wife,<br><br>            Plaintiffs,<br><br>v.<br><br>FRED R. AUZENNE and LORAL LANGEMEIER,<br><br>            Defendants. | No. **CV2010-051209**<br><br>**COMPLAINT OF LABERTEW AND MCDERMOTT.** |

Plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JENNIFER MCDERMOTT, husband and wife, submit this Complaint against FRED R. AUZENNE and LORAL LANGEMEIER, and allege as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiffs MARCUS LABERTEW AKA MARK LABERTEW ("Labertew"), JOHN MCDERMOTT AKA JACK MCDERMOTT ("McDermott") and his wife, Jennifer McDermott are, and all times relevant have been, residents of Maricopa County, Arizona.

2. FRED R. AUZENNE and LORAL LANGEMEIER were officers and directors of a corporation named BioNovix, which corporation had its principal place of business in Maricopa County, Arizona. Both AUZENNE and LANGEMEIER were and are citizens of Arizona, residing in Maricopa County, Arizona.

3. All acts of any individual Defendant alleged in the Complaint were performed on the acting Defendant's own behalf and on behalf of his or her marital community.

4. Defendants, and each of them, have caused an event to occur in Maricopa County, Arizona out of which Plaintiff's claim arose.

5. Jurisdiction and venue are proper in the Court.

## GENERAL ALLEGATIONS

6. BioNovix is engaged in the business of distribution and sales of health products. Prior to March 22, 2009, sales of BioNovix's products were accomplished through a multi-level network of Independent Business Consultants ("IBCs") and subsidiary corporations including without limitation a Korean entity known as BioNovix Korea.

7. In or prior to February 2008, communications occurred between Labertew and BioNovix regarding Labertew's becoming a management employee of BioNovix. BioNovix hired Labertew as its CEO and CFO.

8. Labertew continued in his position as set forth above until March 10, 2009, at which time he was terminated.

9. McDermott, during relevant periods, was employed by BioNovix.

10. McDermott was terminated by BioNovix.

## COUNT I
## DEFAMATION

11. At all times material herein, MARCUS LABERTEW and JOHN MCDERMOTT, plaintiffs herein, were businessmen working for plaintiff.

12. At the time of the commission by defendants of the wrongs hereinafter alleged, and for a long time prior thereto, plaintiffs MARCUS LABERTEW and JOHN MCDERMOTT, were persons of good name and reputation in the business community in which they concentrated, and were deservedly held in high esteem by and among their fellow professional colleagues, customers, vendors and the general public.

13. During its employment of plaintiffs, and thereafter, defendants made, issued and published defamatory statements, wherein defendants maliciously and wrongfully stated to public, to customers, to distributors, shareholders and vendors that plaintiffs had, in the course of their employment with defendants:

    (a)    converted corporate assets, and stolen other person's funds;

    (b)    taken the products and funds that belonged to the distributors;

    (c)    acted in a disloyal and unprofessional manner toward BioNovix.

14. The statements of defendants that are set forth above in paragraph 4 were and are false. Defendants either knew that those statements were false, or defendants proceeded to make those statements in reckless disregard of their truth or falsity. Defendants failed to make proper inquiry of plaintiffs or otherwise before publishing those statements; and, in the publication of said defamatory statements, defendants showed actual malice, spite and ill-will toward plaintiffs.

15. Defendants falsely, maliciously and wrongfully intended to injure and destroy plaintiffs' good name and reputation; and to expose plaintiffs to public contempt, hatred, suspicion, and financial injury. Defendant falsely, maliciously and wrongfully wrote

and published, or caused to be written and published, of and concerning the plaintiffs, and of and concerning plaintiffs' employment and professional status, the defamatory, false, malicious and scandalous words set forth in the statements in paragraph 16. Those words in the foregoing statements contained false assertions concerning plaintiffs that are defamatory *per se*, in that:

    (a)    the statements made impute want of integrity in discharging professional duties, and prejudice plaintiffs in their profession; and also

    (b)    the statements accuse plaintiffs of, and impute to them, the commission of the crime of theft.

    17.    Defendants further falsely, maliciously and wrongfully intended to injure and destroy plaintiffs' good name, fame and reputation in their employment, business and occupation; to bring them into disgrace in their profession and with their colleagues therein, as well as other persons with whom they had dealings in their profession; to cause them to be regarded as unfit persons and unworthy to carry on the duties of their employment and business; and to prejudice and injure them with their colleagues and business associates.

    18.    Defendants, with actual malice, published, or caused the publication of, said false and defamatory statements, and therefore and thereby distributed, or caused the distribution of, copies of said defamatory statements to the public, to customers, to distributors, to shareholders and to vendors so that professional colleagues and clients of plaintiffs would hear about such statements about plaintiffs.

    19.    As a direct and proximate result of one or more of the aforesaid acts of the defendants, and the publication of said defamatory statements, plaintiffs have been, and are, jeopardized in their employment, reputation and standing; and they have sustained financial loss in their profession and occupations as businessmen. Plaintiffs have been obliged to consult legal counsel with respect to their employment and other matters arising therefrom,

and they have necessarily paid or obligated themselves to pay large sums therefor. Plaintiffs have been severely and permanently injured in their reputation and good standing in the business community; and they will in the future have a diminished earning capacity as a result of the slander/defamation *per se* committed by defendants.

20. As a direct and proximate result of the foregoing conduct in which defendants engaged, punitive damages should be assessed in this case to punish the defendants and to deter others from engaging in similar conduct.

WHEREFORE, Plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JENNIFER MCDERMOTT, husband and wife, demand damages against defendants, FRED R. AUZENNE and LORAL LANGEMEIER,, in an amount in excess of $50,000 for compensatory damages, and in an amount sufficient to punish and deter defendants for punitive damages.

## COUNT II
### FRAUD

1-20. Plaintiffs reallege and incorporate herein by this reference paragraphs 1-20 of Count I as and for paragraphs 1-20 of this Count II.

21. Defendants induced plaintiffs, MARCUS LABERTEW and JOHN MCDERMOTT, to become employed by BioNovix, and to remain employed, by means of the misrepresentations set forth below:

(a) That the defendants did not have any financial difficulties, and that it had sufficient capital, when in fact the company was grossly undercapitalized and always in need of raising new funds from new investors. There was barely enough money at times to pay the vendors, who had to be paid first along with the employees and distributors;

(b)     After receiving his first paycheck, plaintiff LABERTEW did not receive regular paychecks, and plaintiff MCDERMOTT also was not paid regularly and was owed large sums of money for unpaid wages;

(c)     That the Board of Directors functioned appropriately and efficiently, when in fact it could not even run a meeting properly;

(d)     That the company was not engaging in any financial improprieties, when in fact some of the directors and officers: (i) took excessive fees exceeding $750,000 per year; (ii) purchased an airplane with corporate funds; (iii) Loral had Bionovix purchase over $100,000 of her Live out Load CD's and books; (iv) commingled corporate funds with their personal bank accounts; and (v) received $5,000 a month for a condominium that they personally owned.

4.     Defendants intended to induce plaintiffs with the foregoing misrepresentations.

5.     Defendants intended to defraud plaintiffs with the foregoing misrepresentations.

6.     Plaintiffs relied on the foregoing misrepresentations in becoming employed by BioNovix, and in remaining employed, and defendants intended plaintiffs to rely on said misrepresentations.

7.     The foregoing misrepresentations proximately caused the plaintiffs to suffer financial injury, including unpaid salary, unreimbursed expenses and loss of financial opportunities.

8.     Defendants' fraud was deliberate, willful and malicious, thereby requiring the imposition of punitive damages to punish and deter the foregoing conduct.

WHEREFORE, Plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JENNIFER MCDERMOTT, husband and wife, demand damages against defendants, FRED R. AUZENNE and LORAL LANGEMEIER,, in an amount in excess of $50,000 for compensatory damages, and in an amount sufficient to punish and deter defendants for punitive damages.

**COUNT III**
**BREACH OF CONTRACT AND UNPAID WAGE CLAIM**

1-2.    Plaintiffs reallege and incorporate herein paragraphs 1-20 of Count III as and for paragraphs 1-20 of this Count III.

3.    Plaintiffs LABERTEW was owed many months of salary plus at least $50,000 in unreimbursed credit card charges that he incurred for the benefit of the business and that constituted appropriate business expenses.

4.    Plaintiffs LABERTEW was owed many months of salary plus at least $50,000 in unreimbursed credit card charges that he incurred for the benefit of the business and that constituted appropriate business expenses.

5.    Plaintiff JOHN MCDERMOTT was owed many months of salary plus unreimbursed credit card charges that he incurred for the benefit of the business and that constituted appropriate business expenses.

6.    Defendants repeatedly promised to pay these amounts due to both plaintiffs, but failed and refused to do so.

WHEREFORE, Plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JENNIFER MCDERMOTT, husband and wife, demand damages against defendants, FRED R. AUZENNE and LORAL LANGEMEIER,, in an amount in excess of $50,000 for compensatory damages, and in an amount sufficient to punish and deter defendants for punitive damages.

## COUNT IV
## FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

1.    Plaintiff, JOHN McDERMOTT, was sent to South Korea by defendant, BIONOVIX, INC., to address structural and business compliance issues with the BioNovix Korea affiliated entity.

2.    Plaintiff realleges and incorporates paragraphs 1-20 of Count I of this as and for this paragraph 2.

3.    As a result of the Korea direct sales law, defendants were having problems with Korean distributors, which problems defendants falsely attributed to plaintiff JOHN McDERMOTT by telling those Korean distributors that their lack of receipt of funds was attributable to plaintiff JOHN McDERMOTT.   The actual truth was plaintiff was attempting to solve the problems in Korea created by defendants.

4.    As a result of the foregoing, defendants caused plaintiff to be arrested and charged with a crime in Korea.

5.    There was no probable cause to arrest plaintiff.

WHEREFORE, Plaintiffs, JOHN MCDERMOTT aka JACK MCDERMOTT, and JENNIFER MCDERMOTT, husband and wife, demand damages against defendants, FRED R. AUZENNE and LORAL LANGEMEIER, in an amount in excess of $50,000 for compensatory damages, and in an amount sufficient to punish and deter defendants for punitive damages.

Dated this 11TH day of March, 2010.

Philip J. Nathanson
Arizona State Bar #013624
THE NATHANSON LAW FIRM

*Attorney for Labertew and the McDermotts*

2.      There is written and deposition discovery and other disclosures in the case at bar that need to be done, including the depositions of the defendants, several occurrence witnesses on liability and damages, as well as expert discovery.

3.      Plaintiff seeks a Rule 16(b) comprehensive pretrial conference to schedule the remaining discovery to be done, including party and witness depositions, as well as scheduling expert disclosures and depositions, and scheduling the other events set forth in Rule 16(b).

WHEREFORE, Plaintiff, MARCUS LABERTEW, *et al.*, request this Court to schedule and hold a Rule 16(b) Comprehensive Pretrial Conference, and to continue this case on the inactive calendar until this Court deems appropriate, for the reasons set forth above.

DATED THIS 15th day of February, 2011.

MARCUS LABERTEW, *et al.*,

/s/ Philip J. Nathanson

Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 110
Scottsdale, AZ  85260
(480) 419-2578
(480) 419-4136
philipj@nathansonlawfirm.com

*Attorneys for Plaintiff*

This Motion was sent to the attorney set forth below, via U.S. Mail and email on the 15th day of February, 2011:

Roger L. Cohen
Jaburg & Wilk, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012

/s/ Philip J. Nathanson

Philip J. Nathanson – Attorney for Plaintiff

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**

08/18/2010

Clerk of the Court

Ct. Admin
Deputy

08/18/2010

### COURT ADMINISTRATION

**Case Number: CV2010-051209**

**Marcus Labertew**

**V.**

**Fred R Auzenne**

---

The Honorable Robert Budoff is the assigned judge to this action.

### <u>100 Day Notice</u>

All parties are on notice that **100 days** has elapsed since the filing of the last answer in this matter.

Any parties interested in scheduling a pretrial conference should file a written request pursuant to Ariz. R. Civ. P., rule 16.

Please note that the court may, in its discretion, direct the parties and their attorneys to participate in a pretrial conference to expedite the disposition of this matter.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2010-051209

| Party Name | Attorney Name | |
|---|---|---|
| Fred R Auzenne | Michelle C Lombino | Bar ID: 016252 |
| Marcus Labertew | Philip J Nathanson | Bar ID: 013624 |


# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**\*\*FILED\*\***

8/18/2010

Clerk of the Court

Ct. Admin
Deputy

8/14/2010

COURT ADMINISTRATION

**CASE NUMBER:** CV2010-051209

**Marcus Labertew**

**V.**

**Fred R Auzenne**

---

The Judge assigned to this action is the Honorable Robert Budoff

### 150 DAY ORDER

This action was filed more than 150 days ago. If there is any conflict between this order and any order from the assigned judge, the assigned judge's order governs. This order provides notice of requirements, pursuant to Rule 38.1, Arizona Rules of Civil Procedure. Rule 38.1 applies to all civil actions, including those subject to arbitration.

IT IS HEREBY ORDERED:

Rule 38.1 of the Arizona Rules of Civil Procedure will be strictly enforced. The parties shall file and serve on court and counsel the following documents:

1. A motion to Set and Certificate of Readiness or an Appeal from Arbitration shall be filed on or before 12/6/2010. (The motion shall include an estimate of the length of trial) If Rule 38.1 is not complied with, the case will be placed on Inactive Calendar on the date shown above and it will be dismissed pursuant to Rule 38.1, without further notice, on or after 2/4/2011. *

2. All parties' specific objections to witnesses and exhibits listed by other parties must be submitted with or stated in the Joint Pretrial Statement. Reserving all objections to witnesses or exhibits until time of trial will not be permitted.

LATE DISCOVERY. A Motion to set and Certificate of Readiness certifies that the parties have completed or will have had a reasonable opportunity to complete discovery within 60 days after the motion is filed. [Local Rule 3.4 and Rule 38.1 (f) Arizona Rules of Civil Procedure] Discovery should be completed in accordance with the Rule.

IF THIS IS AN ARBITRATION CASE. If this case is subject to mandatory arbitration, Rule 74 (b) of the Arizona Rules of Civil Procedure establishes the time for beginning the arbitration hearing. In light of the deadlines established by Rule 38.1 (d) of the Arizona Rules of Civil Procedure, counsel should be sure that arbitrators are timely appointed and that arbitrators complete the arbitration process within the time provided under Rule 38.1 (d) for motions to set. As Rule 76(a) of the Arizona Rules of Civil Procedure provides, an Appeal from Arbitration and Motion to Set for Trial serves in place of a Motion to Set and Certificate of Readiness under Rule 38.1 (a), Arizona Rules of Civil Procedure.



# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
8/18/2010
Clerk of the Court

Ct. Admin
Deputy

8/14/2010

COURT ADMINISTRATION

**CASE NUMBER:** CV2010-051209

Marcus Labertew

**V.**

Fred R Auzenne

---

EXTENSIONS OF TIME TO SERVE PROCESS. If there has been an extension of time to serve the summons and complaint, (a) Rule 38.1 still applies and (b) some parties and counsel may not receive a copy of this order. Plaintiff should send copies to each of them and retain a copy of the transmittal letter.

ALTERNATIVE DISPUTE RESOLUTION. Pursuant to Rule 16 (g), Ariz. Rules of Civil Procedures, counsel for the parties, or the parties if not represented by counsel, shall confer regarding the feasibility of resolving the parties' dispute through alternative dispute resolution methods such as mediation or arbitration with a mediator or arbitrator agreed to by the parties. Counsel shall discuss with their clients the resolution of the dispute through an alternative dispute resolution method prior to the conference with opposing counsel.

*RELIEF FROM RULE 38.1 DEADLINES; CONTINUANCES ON INACTIVE CALENDAR. The rules require a *Motion to Set within nine months after the action is filed. Discovery is to be completed about two months later* (see Late Discovery above). A motion to vacate or abate this order will not change the deadlines. A premature Motion to Set violates Rule 11, Arizona Rules of Civil Procedures.

For good cause, the assigned judge may extend time for dismissal or continue the action on Inactive Calendar to an appropriate date. If an arbitration hearing has been held, or is set in the near future, the date of that hearing should be included in any motion to extend Rule 38.1 deadlines or to continue on Inactive Calendar. Stipulations to continue and delays for settlement negotiations are not good cause. Except in extraordinary cases, the court will not grant trial continuances based on late discovery.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2010-051209

| Party Name | Attorney Name | |
|---|---|---|
| Fred R Auzenne | Michelle C Lombino | Bar ID: 016252 |
| Loral Langemeier | Michelle C Lombino | Bar ID: 016252 |
| Jennifer McDermott | Philip J Nathanson | Bar ID: 013624 |
| John McDermott | Philip J Nathanson | Bar ID: 013624 |
| Marcus Labertew | Philip J Nathanson | Bar ID: 013624 |

MICHAEL K. JEANES
Clerk of the Superior Court
By Kristal Dear, Deputy
Date 05/03/2010 Time 16:50:09
Description                    Amount
-------- CASE# CV2010-051209 --------
CIVIL SEPARATE ANS              223.00

TOTAL AMOUNT                    223.00
            Receipt# 20541875

Roger L. Cohen (004409)
Michelle C. Lombino (016252)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rlc@jaburgwilk.com
mcl@jaburgwilk.com
(602) 248-1000

Attorneys for Defendants Fred R. Auzenne and Loral Langemeier

**SUPERIOR COURT OF ARIZONA**

**MARICOPA COUNTY**

| | |
|---|---|
| MARCUS LABERTEW aka MARK LABERTEW and JANE DOE LABERTEW, husband and wife; JOHN MCDERMOTT aka JACK MCDERMOTT and JENNIFER MCDERMOTT, husband and wife<br><br>Plaintiff,<br><br>v.<br><br>FRED R. AUZENNE and LORAL LANGEMEIER,<br><br>Defendants. | Case No. CV2010-051209<br><br>**ANSWER TO COMPLAINT**<br><br>(Assigned to Hon. Robert Budoff) |

For their Answer to the Complaint, Defendants Fred R. Auzenne and Loral Langemeier hereby admit, deny and allege as follows:

1. Answering Paragraph 1 the Complaint, Defendants lack knowledge and information sufficient to respond to the allegations of that paragraph, and so deny them.

2. Answering Paragraph 2 the Complaint, Defendants: (a) admit that: (i) at certain times, they were officers and directors of BioNovix, Inc. ("BioNovix"); (ii) BioNovix formerly had its principal place of business in Maricopa County, Arizona; (iii) Fred R. Auzenne resides in Maricopa County, Arizona; and (b) deny the remaining allegations of that paragraph.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

3.    Answering Paragraph 3 of the Complaint, Defendants deny the allegations of that paragraph.

4.    Answering Paragraph 4 of the Complaint, Defendants deny the allegations of that paragraph.

5.    Answering Paragraph 5 of the Complaint, Defendants: (a) admit that jurisdiction and venue are proper as to Fred R. Auzenne; and (b) deny that that jurisdiction and venue are proper as to Loral Langemeier.

6.    Answering Paragraph 6 of the Complaint, Defendants (a) admit that BioNovix was formerly engaged in the business of selling and distributing health products through a multi-level network of Independent Business Consultants ("IBCs") and subsidiary corporations, including, BioNovix Korea; and (b) deny the remaining allegations of that paragraph.

7.    Answering Paragraph 7 of the Complaint, Defendants admit the allegations of that paragraph.

8.    Answering Paragraph 8 of the Complaint, Defendants admit the allegations of that paragraph.

9.    Answering Paragraph 9 of the Complaint, Defendants admit the allegations of that paragraph.

10.    Answering Paragraph 10 of the Complaint, Defendants admit the allegations of that paragraph.

## Count I

11.    Answering Paragraph 11 of the Complaint, Defendants deny the allegations of that paragraph.

12.    Answering Paragraph 12 of the Complaint, Defendants deny the allegations of that paragraph.

13.    Answering Paragraph 13 of the Complaint, Defendants: (a) deny that they made, issued and published defamatory statements or made malicious and wrongful statements about Marcus Labertew and John McDermott, and (b) admit that they alleged

2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

that Marcus Labertew and John McDermott intentionally undertook to, and did, engage in a consistent course of conduct detrimental to the rights and interests of BioNovix, including without limitation (i) misappropriating and diverting for their own personal benefit funds and other tangible and intangible assets of BioNovix and otherwise engaging in self-dealing, (ii) destroying tangible and intangible property of BioNovix, and (iii) denying BioNovix access to its own computer data and other tangible and intangible property.

14. Answering Paragraph 14 of the Complaint, Defendants deny the allegations of that paragraph.

15. Answering Paragraph 15 of the Complaint, Defendants deny the allegations of that paragraph.

16. Answering Paragraph 16 of the Complaint, Defendants: (a) admit that they have alleged that Marcus Labertew and John McDermott breached their fiduciary duties as employees and actual or purported officers of BioNovix, and misappropriated and diverted for their own personal benefit funds and other tangible and intangible assets of BioNovix; and (b) deny the remaining allegations of that paragraph.

17. Answering Paragraph 17 of the Complaint, Defendants deny the allegations of that paragraph.

18. Answering Paragraph 18 of the Complaint, Defendants deny the allegations of that paragraph.

19. Answering Paragraph 19 of the Complaint, Defendants deny the allegations of that paragraph.

20. Answering Paragraph 20 of the Complaint, Defendants deny the allegations of that paragraph.

WHEREFORE, having fully answered Count I of the Complaint, Defendants requests that judgment be entered against Plaintiffs, and each of them, as follows:

A. Dismissing Count I of the Complaint in its entirety, Plaintiffs taking nothing thereby;

Jsburg & Wlk P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

3

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1    B.    For an award of their costs incurred herein;

2    C.    For an award of their attorney's fees incurred herein;

3    D.    For such other and further relief as this Court deems just and proper.

4    ## Count II

5    21.    Defendants incorporate by this reference all admissions, denials and

6    allegations set forth above as though fully set forth herein

7    22.    Answering Paragraph 21 of the Complaint, Defendants: (a) admit that at

8    certain times, Marcus Labertew and John McDermott were employed by BioNovix; and

9    (b) deny the remaining allegations of that paragraph.

10    23.    Answering Paragraph 4 of Count II of the Complaint, Defendants deny the

11    allegations of that paragraph.

12    24.    Answering Paragraph 5 of Count II of the Complaint, Defendants deny the

13    allegations in that paragraph.

14    25.    Answering Paragraph 6 of Count II of the Complaint, Defendants deny the

15    allegations in that paragraph.

16    26.    Answering Paragraph 7 of Count II of the Complaint, Defendants deny the

17    allegations in that paragraph.

18    27.    Answering Paragraph 8 of Count II of the Complaint, Defendants deny the

19    allegations in that paragraph.

20    WHEREFORE, having fully answered Count Two of the Complaint, Defendants

21    requests that judgment be entered against Plaintiffs, and each of them, as follows:

22    A.    Dismissing Count II of the Complaint in its entirety, Plaintiffs taking

23          nothing thereby;

24    B.    For an award of their costs incurred herein;

25    C.    For an award of their attorney's fees incurred herein;

26    D.    For such other and further relief as this Court deems just and proper.

27

28

4

## Count III

28.    Defendants incorporate by this reference all admissions, denials and allegations set forth above as though fully set forth herein.

29.    Answering Paragraph 3 of Count III of the Complaint, Defendants deny the allegations of that paragraph.

30.    Answering Paragraph 4 of Count III of the Complaint, Defendants deny the allegations of that paragraph.

31.    Answering Paragraph 5 of Count III of the Complaint, Defendants deny the allegations of that paragraph.

32.    Answering Paragraph 6 of Count III of the Complaint, Defendants deny the allegations of that paragraph.

WHEREFORE, having fully answered Count III of the Complaint, Defendants requests that judgment be entered against Plaintiffs, and each of them, as follows:

    A.    Dismissing Count III of the Complaint in its entirety, Plaintiffs taking nothing thereby;

    B.    For an award of their costs incurred herein;

    C.    For an award of their attorney's fees incurred herein;

    D.    For such other and further relief as this Court deems just and proper.

## Count IV

33.    Answering Paragraph 1 of Count IV of the Complaint, Defendants lack knowledge and information sufficient to respond to the allegations of that paragraph, and so deny them.

34.    Defendants incorporate by this reference all admissions, denials and allegations set forth above as though fully set forth herein.

35.    Answering Paragraph 3 of Count IV of the Complaint, Defendants deny the allegations of that paragraph.

36.    Answering Paragraph 4 of Count IV of the Complaint, Defendants deny the allegations of that paragraph.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

5

1    37.    Answering Paragraph 5 of Count IV of the Complaint, Defendants lack

2    knowledge and information sufficient to respond to the allegations of that paragraph, and

3    so deny them.

4         WHEREFORE, having fully answered Count IV of the Complaint, Defendants

5    requests that judgment be entered against Plaintiffs, and each of them, as follows:

6         A.    Dismissing Count IV of the Complaint in its entirety, Plaintiffs

7    taking nothing thereby;

8         B.    For an award of their costs incurred herein;

9         C.    For an award of their attorney's fees incurred herein;

10        D.    For such other and further relief as this Court deems just and proper.

11                        **AFFIRMATIVE DEFENSES**

12   1.    Defendants alleges the following affirmative defenses:

13        A.    The Complaint fails to state a claim upon which relief may be

14              granted pursuant to 12(b) Arizona Rules of Civil Procedure;

15        B.    Prior breach of contract;

16        C.    Failure of consideration;

17        D.    Accord and satisfaction;

18        E.    Payment;

19        F.    Waiver;

20        G.    Consent;

21        H.    Setoff;

22        I.    Recoupment;

23        J.    Laches;

24        K.    Release;

25        L.    Estoppel;

26        M.    Unclean hands;

27        N.    Failure to mitigate damages;

28

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

6

2.    Defendants reserve the right to assert any other affirmative defenses pursuant to Rules 8 and 12, Arizona Rules of Civil Procedure if facts should be revealed during the course of discovery which would support assertion of those defenses.

WHEREFORE, having fully answered the Complaint, Defendants requests judgment be entered by this Court in favor of Defendants and against Plaintiffs as follows:

A.    The Complaint be dismissed with prejudice;

B.    For an award of their costs incurred herein;

C.    For an award of their attorney's fees incurred herein;

D.    For such other and further relief as this Court deems just and proper.

DATED this 3rd day of May, 2010.

JABURG & WILK, P.C.

Roger L. Cohen
Michelle C. Lombino
*Attorneys for Defendants*

**ORIGINAL** filed and **COPY**
of the foregoing hand-delivered
this 3rd day of May, 2010 to:

Honorable Robert Budoff
Maricopa County Superior Court
18380 N. 40th Street
Phoenix, AZ. 85032

**COPY** of the foregoing mailed
this 3rd day of May, 2010 to:

Philip J. Nathanson
The Nathanson Law Firm
8765 E. Bell Road, Suite 101
Scottsdale, Arizona 85260
*Attorney for Plaintiffs*

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

7

MARCUS LABERTEW, JACK MCDERMOTT and
JENNIFER MCDERMOTT

_Philip J. Nathanson_

Philip J. Nathanson

Philip J. Nathanson
THE NATHANSON LAW FIRM
8326 East Hartford Drive
Suite 101
Scottsdale, AZ 85255
(480) 419-2578
(480) 419-4136 (FAX)
philipj@nathansonlawfirm.com

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on March 1, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the defense counsel.

**THE NATHANSON LAW FIRM**

By: /s/  Philip J. Nathanson

Philip J. Nathanson
THE NATHANSON LAW FIRM
8326 East Hartford Drive
Suite 101
Scottsdale, AZ 85255
(480) 419-2578
(480) 419-4136 (FAX)

*Attorneys for Plaintiffs*

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2010-051209                                          02/18/2011

                                               CLERK OF THE COURT
HON. ROBERT H. OBERBILLIG                            L. Carlson
                                                      Deputy

MARCUS LABERTEW, et al.                    PHILIP J NATHANSON

v.

FRED R AUZENNE, et al.                     MICHELLE C LOMBINO


                                           JUDGE LINDA MILES


                         MINUTE ENTRY


        This case is currently assigned to the Honorable Robert Budoff at the Northeast Regional
Court Center.

        This matter is being administratively transferred as a result of the elimination of Civil
Calendar CVJ11 (Judge Budoff).

        IT IS ORDERED that effective February 28, 2011, this case be reassigned to the Hon.
Linda Miles at the Northeast Regional Court Center at 18380 N. 40th St., Phoenix, AZ 85032.

        This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp.
Attorneys are encouraged to review Supreme Court Administrative Orders 2010-117 and 2011-
10 to determine their mandatory participation in eFiling through AZTurboCourt.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2010-051209                                    02/22/2011

                                        CLERK OF THE COURT
HONORABLE ROBERT BUDOFF                       L. Carlson
                                               Deputy


MARCUS LABERTEW, et al.                  PHILIP J NATHANSON

v.

FRED R AUZENNE, et al.                   MICHELLE C LOMBINO


                                         JUDGE LINDA MILES



MINUTE ENTRY


On February 15, 2011, Plaintiffs filed "Plaintiffs' Motion to Set a Rule 16(b) Comprehensive Pretrial Conference and to Continue Case on the Inactive Calendar".

Due to this judicial officer's retirement, this matter has been transferred to Judge Linda Miles for further proceedings.

IT IS ORDERED referring this Motion to Judge Miles for appropriate scheduling and to consider continuance of this matter on the inactive calendar.

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Dorotha Stephens
Filing ID 806827
2/24/2011 4:16:00 PM

1  Roger L. Cohen (004409)
   Victoria E. Ames (027163)
2  **JABURG & WILK, P.C.**
   3200 N. Central Avenue, Suite 2000
3  Phoenix, Arizona 85012
   rlc@jaburgwilk.com
4  mcl@jaburgwilk.com
   (602) 248-1000
5
6  *Attorneys for Defendants Fred R. Auzenne and Loral Langemeier*
7
8
9                  **SUPERIOR COURT OF ARIZONA**
10                      **MARICOPA COUNTY**

11  MARCUS LABERTEW aka MARK          Case No. CV2010-051209
    LABERTEW and JANE DOE
12  LABERTEW, husband and wife; JOHN
    MCDERMOTT aka JACK MCDERMOTT      **OBJECTION TO PLAINTIFF'S**
13  and JENNIFER MCDERMOTT, husband   **MOTION TO SET A RULE 16(b)**
    and wife                          **COMPREHENSIVE PRETRIAL**
14                                     **CONFERENCE AND TO CONTINUE**
             Plaintiff,               **CASE ON THE INACTIVE**
15                                     **CALENDAR**
    v.
16                                     **AND**
    FRED R. AUZENNE and
17  LORAL LANGEMEIER,                 **MOTION TO DISMISS FOR FAILURE**
                                       **OF PROSECUTION**
18           Defendants.
19                                     (Assigned to Hon. Linda Miles)
20
21
22
23          Defendants Fred R. Auzenne and Loral Langemeier submit this Objection to
24  Plaintiff's Motion to Set a Rule 16(b) Comprehensive Pretrial Conference and to Continue
25  Case on the Inactive Calendar ("Plaintiffs' Motion"). Further, pursuant the Local Rule of
26  Practice of the Superior Court, Maricopa County ("Local Rule") 3.6, Defendants move for
27  an order dismissing this matter for failure of prosecution. This Objection and Motion is
28

12103-10/VEA/RLC/869235_v2

supported by the attached Memorandum of Points and Authorities and the record before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2010, Plaintiffs filed the Complaint in this matter, alleging claims for Defamation; Fraud; Breach of Contract and Unpaid Wages; and False Arrest, False Imprisonment and Malicious Prosecution.  Defendants timely filed their Answer to the Complaint on May 3, 2010.  In accordance with Arizona Rule of Civil Procedure 26.1, Defendants then submitted their Disclosure Statement to Plaintiffs on June 18, 2010.  No Disclosure was ever received from Plaintiffs, despite Plaintiffs assertion that a Disclosure Statement would be provided by June 28, 2010.  Nothing further transpired thereafter; consequently, on August 18, 2010, this Court issued both a 100 Day Notice and a 150 Day Notice (together the "Notices") to the parties.  The 150 Day Notice specifically stated that "Rule 38.1 of the Arizona Rules of Civil Procedure will be strictly enforced" and required that a Motion to Set and Certification of Readiness "shall be filed on or before 12/6/2010."  The 150 Day Notice goes on to state that "if Rule 38.1 is not complied with, the case will be placed on the Inactive Calendar on [12/6/2010] . . . and it will be dismissed pursuant to Rule 38.1, without further notice, on or after 2/4/2011."  Notwithstanding the Notices, Plaintiffs took no action in this matter until eleven days *after* the date for dismissal pursuant to Rule 38.1.[1]

Now, more than eleven months after the Complaint was filed, nearly 6 months after the Notices were issued, and almost two weeks after the proposed date of dismissal has passed, Plaintiffs seek to revive their Complaint by requesting a Rule 16(b) comprehensive pretrial conference and continuation on the inactive calendar without explanation and without so much as even offering the most rudimentary showing of good cause.

/ / /

---

[1]    As of the date of Plaintiffs Motion, the court had not yet dismissed the case pursuant to Rule 38.1(d).

2

## II.    LEGAL ARGUMENT

Plaintiffs have no basis to seek a Rule 16(b) comprehensive pretrial conference or continuance on the inactive calendar.  Pursuant to Local Rule 3.6, a civil action

> shall be dismissed for failure to prosecute . . . upon the
> following grounds and conditions:
> . . .
> (2)  Failure to comply with Rule 38.1(d), Rules of Civil
> Procedure; or
> (3)  For other appropriate reasons.

Rule 38.1(d) provides that

> [a]ll cases remaining on the Inactive Calendar for two months
> shall be dismissed without prejudice for lack of prosecution . .
> . unless prior to the expiration of such two month period . . .
> the court, on motion for good cause shown, orders the case to
> be continued on the Inactive Calendar for a specified period of
> time without dismissal.

Ariz.R.Civ.P. 38.1(d)(2).  Although the court has discretion to grant a continuance or dismiss for failure to comply with the Rules, in exercising that discretion good cause must be shown by the moving party before a continuance is warranted.  *Jepson v. New*, 164 Ariz. 265, 270, 792 P.2d 728, 733 (1990) ("In exercising its discretion to grant a continuance, the trial court considers the same conditions that permit relief under Rule 60(c)," provided that good cause is shown). Specifically, the moving party must show "extraordinary circumstances of hardship or injustice justifying relief" demonstrated through "1) vigorous pursuit of the case, 2) steps taken to inform the court of the case's status, and 3) prejudice to the moving party, such as running of the statute of limitations." *Id.* (citing *Gorman v. City of Phoenix*, 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987) (applying Uniform Rule V, the predecessor to Rule 38.1)).  In addition, the movant must demonstrate that the continuance was sought promptly and that the claims asserted are meritorious.  *Id.*

In this case, Plaintiffs have not and cannot show good cause for their failure to prosecute timely. The *Jepson* court addressed the issue of good cause and vigorous prosecution squarely, finding that no good cause existed where plaintiff's counsel did not serve defendants until several months after complaint was filed, did not demonstrate

3

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1    participation in meaningful settlement discussions, never served any discovery, and did

2    not file a motion to continue the case on the inactive calendar until four days before the

3    dismissal date. *Id.* at 270, 792 P.2d at 733. The facts in this case are even more egregious.

4    Here, there has been no effort whatsoever on Plaintiffs' part to pursue the case; much less

5    a showing of vigor in this endeavor. Plaintiffs completely failed to take any action at all

6    after Defendants answered the Complaint and submitted their Initial Disclosure Statement.

7    Plaintiffs never provided Defendants with their Disclosure Statement, have had no

8    communication with defense counsel, have not attempted to engage in settlement

9    discussions, have provided no updates to the court, and have not sought any discovery.

10   Further, Plaintiffs did not respond to the Notices sent by this Court expressly warning that

11   strict compliance with Rule 38.1 was required and that dismissal of the case would result

12   if the Rules were not followed until nearly ***two weeks after*** the dismissal date.

13   Notwithstanding all of this, Plaintiffs have the audacity to ignore the Rules and this

14   Court's Notices by filing Plaintiffs Motion without so much as even offering a showing of

15   good cause. Nothing in Plaintiffs Motion even suggests prejudice, extraordinary

16   circumstances of hardship, or injustice justifying relief.

17        Moreover, Plaintiffs' request for a continuance is far from prompt. Plaintiffs ***did***

18   ***nothing*** for nearly six months. The 150 Day Notice specifically informed Plaintiffs that

19   they were required to file a Motion to Set and Certification of Readiness on or before

20   December 6, 2010, and that failure to do so could result in dismissal without further notice

21   on or after February 4, 2011. Still Plaintiffs did nothing. Not until nearly two weeks ***after***

22   the impending dismissal date did Plaintiffs take any action at all—filing Plaintiffs Motion.

23   Such utter failure to act cannot, under any circumstances, be considered "prompt."

24        Finally, Plaintiffs have made no showing that the claims they asserted in the

25   Complaint are meritorious. In fact, aside from the Complaint itself, Plaintiffs have not

26   even addressed their claims. A meritorious claim "requires a showing by affidavit,

27   deposition, or testimony of some facts which, if proved at trial, would constitute a viable

28   claim." *United Imports & Exports, Inc. v. Superior Court of State In & For Maricopa*

4

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

1  *County*, 134 Ariz. 43, 46, 653 P.2d 691, 694 (1982). Here, nothing has been provided, no

2  discovery has been sought or otherwise exchanged, no affidavit was attached to Plaintiffs'

3  Motion, and the Complaint was not verified. Plaintiffs' did not even provide Defendants

4  with a Disclosure Statement as required pursuant to Rule 26.1. The allegations made in

5  the Complaint, standing alone, simply are not enough. *Id.*

6       Plaintiffs have no basis to seek continuance on the inactive calendar and have not

7  even attempted to explain their utter failure to pursue this case. Moreover, they have

8  shown complete disregard for this Court's Notices and compliance with the Rules.

9  **III.  CONCLUSION**

10       For the reasons set forth above, Plaintiff's Motion to Set a Rule 16(b)

11  Comprehensive Pretrial Conference and to Continue Case on the Inactive Calendar should

12  be denied and Defendants' Motion to Dismiss for Failure to Prosecute should be granted.

13  It is further requested that Defendants be awarded their reasonable attorney fees incurred

14  in defending this matter.

15       DATED this 24th day of February, 2011.

16  

17                 **JABURG & WILK, P.C.**

18                 /s/ Victoria E. Ames

19  

20                 Roger L. Cohen
               Victoria E. Ames
               *Attorneys for Defendants*

21  **ORIGINAL** of the efiled with the
  Clerk of the Court foregoing mailed

22  this 24th day of February, 2011 to:

23  Philip J. Nathanson
  The Nathanson Law Firm

24  8765 E. Bell Road, Suite 101
  Scottsdale, Arizona 85260

25  *Attorney for Plaintiffs*

26  /s/ J. Rial

27  

28  

                           5

12103-10/VEA/RLC/869235_v2

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Tina Hays
Filing ID 799686
2/15/2011 5:25:50 PM

1  Philip J. Nathanson (AZ Bar #013624)
2  **THE NATHANSON LAW FIRM**
   8765 E. BELL ROAD, SUITE 101
3  SCOTTSDALE, AZ 85260
   (480) 419-2578
4  (480) 419-4136-Fax

5     *Attorney for Plaintiff*

6

7       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
         IN AND FOR THE COUNTY OF MARICOPA**

8

9  MARCUS LABERTEW aka MARK
   LABERTEW; JOHN MCDERMOTT aka          No.  CV2010-051209
10 JACK MCDERMOTT and JENNIFER
   MCDERMOTT, husband and wife,          **PLAINTIFFS' MOTION TO SET A
11                                        RULE 16(b) COMPREHENSIVE
         Plaintiffs,                      PRETRIAL CONFERENCE AND TO
12                                        CONTINUE CASE ON THE
                                          INACTIVE CALENDAR.**
13 v.

14 FRED R. AUZENNE and
   LORAL LANGEMEIER,
15

16
         Defendants.
17

18      Plaintiffs, MARCUS LABERTEW, *et al.*, by and through their attorney,

19 PHILIP J. NATHANSON of THE NATHANSON LAW FIRM, move this Court to

20 set a Rule 16(b) Scheduling Conference and to Continue this Case on the Inactive

21 Calendar.

22      1.      This case alleges claims, *inter alia*, for defamation, fraud, breach of

23

24 contract and false arrest.

25

the recording, the recipient or recipients of the document or recording, and the present location of the document or recording.

G.     When referring to a communication, the terms "identify" or "identity" means to state the identity of all parties to the communication, all persons present at the time of the communication, the date, time and location of the communication, the identity of all documents.

H.     Whenever reference is made to any person or entity by name, such reference shall be deemed to include all of the person's or entity's agents, employees, attorneys and other working on their behalf, and the entity's subsidiaries, affiliates, merged, consolidated or acquired predecessors, divisions and holding or parent companies and includes present and former officers, directors, shareholders, agents, employees and attorneys.

I.     When used herein, the term "relate to" or "relating to" or "related to" shall mean constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, evaluating, critiquing, dealing with or pertaining to.

J.     The word "describe," or "described" or "describes" or "describing" means a document that refers to, mentions or gives an account in words of the salient or material features and aspects of the matter.

K.     The word "document" refers to any handwritten, typewritten, printed, transcribed or recorded statement, note, memorandum, letter, item of correspondence, report, summary, compilation, spread sheet, e-mail transmission or message, computer file, material or tangible item, including papers, books, journals, ledgers, statements, memoranda, reports, invoices, work sheets, work papers, notes, transcriptions of notes,

letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, instructions, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, magnetic tapes, visual tapes, transcriptions of tapes or recordings, information stored in a computer or on microfilm or other film, computer tapes or any other writings or tangible things that are in the possession, custody or control of the plaintiff, its agents or its attorneys. "Document" or "documents" shall also include any of the foregoing on which any handwriting, typing, printing, photostatic, or other forms of communications or information are recorded or reproduced, as well as all notations on the foregoing;

        (i)      Original and all other copies not absolutely identical; and

        (ii)     All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

    L.    The word "person" or "persons" means all entities of every type and description including, without limiting the generality of the foregoing, all natural persons, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state and municipal or local governmental agencies and entities and their subdivisions, bureaus, departments, and boards.

    M.    The words "you" or "your" mean the plaintiff named hereinabove and, in addition, its predecessors and successors in interest, any directors and officers of plaintiff, plaintiff's employees, attorneys, and any and all other persons acting or purporting to act on plaintiff's behalf.

**PRIVILEGED INFORMATION**

If you withhold from disclosure the complete or partial content of any document on the basis of an attorney-client privilege, work product or any other basis:

(a)     identify each document by date, signatory, author and recipient, its general subject matter and each person or organization with any knowledge of the document.

(b)     state specifically as to each document the privilege or other basis for not producing the document.

(c)     identify each party to and the date of any conversation or communication and each person who was present during or witnessed the communication.

**II**

**DUTY TO DISCLOSE THE EXISTENCE
OF INFORMATION BEING WITHHELD**

In the event that you do not disclose any information that is responsive to any of the interrogatories herein on the ground that such information is within the attorney-client privilege, constitutes protected trial preparation information or is for some other reason not subject to discovery, you must, in each such instance, as required by Ariz. R. Civ. P. 26, disclose in your response to the interrogatory to which the information would be responsive (a) the identity, date, author and recipient of the information withheld, (b) the nature of the information withheld, and (c) the specific grounds on which you contend the information is privileged or otherwise not subject to discovery.

**III**

**MANNER OF DOCUMENT PRODUCTION**

In the event that you elect to produce documents in response to any interrogatory, such documents produced shall be clearly designated as to the interrogatory to which they are responsive.

# DEFENDANTS' FIRST REQUEST FOR PRODUCTION

Defendants request, pursuant to Ariz. R. Civ. P. 34, that plaintiff produce the documents specified below:

1.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #1.

2.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #2.

3.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #3.

4.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #4.

5.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #5.

6.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #6.

7.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #7.

8.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #8.

9.       All documents described or identified in plaintiff's answer to defendants' Interrogatory #9.

10.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #10.

11.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #11.

12.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #12.

13.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #13.

14.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #14.

15.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #15.

16.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #16.

17.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #17.

18.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #18.

19.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #19.

20.     All documents described or identified in plaintiff's answer to defendants' Interrogatory #20.

21. All documents describing, identifying or relating to MARCUS LABERTEW aka MARK LABERTEW.

22. All documents describing, identifying or relating to JOHN MCDERMOTT aka JACK MCDERMOTT.

23. All documents describing, identifying or relating to the arrest in Korea of JOHN MCDERMOTT aka JACK MCDERMOTT.

24. All documents describing, identifying or relating to statements made by you about MARCUS LABERTEW aka MARK LABERTEW.

25. All documents describing, identifying or relating to statements made by you about JOHN MCDERMOTT aka JACK MCDERMOTT.

26. All documents describing, identifying or relating to plaintiff's damages.

27. All documents describing, identifying or relating to any breach of fiduciary duties committed by MARCUS LABERTEW aka MARK LABERTEW, or by JOHN MCDERMOTT aka JACK MCDERMOTT.

28. All documents describing, identifying or relating to any misrepresentation made by MARCUS LABERTEW aka MARK LABERTEW.

29. All documents describing, identifying or relating to any misrepresentation made by JOHN MCDERMOTT aka JACK MCDERMOTT.

30. All documents describing, identifying or relating to any misappropriation of trade secrets committed by MARCUS LABERTEW aka MARK LABERTEW.

31. All documents describing, identifying or relating to any misappropriation of trade secrets committed by JOHN MCDERMOTT aka JACK MCDERMOTT.

32.     All documents describing, identifying or relating to any conversion committed by MARCUS LABERTEW aka MARK LABERTEW.

33.     All documents describing, identifying or relating to any conversion committed by JOHN MCDERMOTT aka JACK MCDERMOTT.

34.     All documents describing, identifying or relating to any computer tampering committed by MARCUS LABERTEW aka MARK LABERTEW.

35.     All documents describing, identifying or relating to any computer tampering committed by JOHN MCDERMOTT aka JACK MCDERMOTT.

36.     All documents describing, identifying or relating to any unjust enrichment received by MARCUS LABERTEW aka MARK LABERTEW.

37.     All documents describing, identifying or relating to any unjust enrichment received by JOHN MCDERMOTT aka JACK MCDERMOTT.


Dated this 13th day of July, 2009.



Philip J. Nathanson

Arizona State Bar #013624
THE NATHANSON LAW FIRM



*Attorney for Defendants Labertew and McDermott*

ORIGINAL and one copy of the foregoing
First Request for Production of Documents were
served, via U.S. Mail, this 13th day of July,
2009, on:

Roger L. Cohen
Michelle C. Lombino
Jaburg & Wilk, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
*Attorneys for Plaintiff*

_____
Philip J. Nathanson

_____
Defendants' Counsel

This Notice of Filing and the exhibits were sent to the attorney set forth below, via U.S. Mail and email on the 9th day of March, 2011:

Roger L. Cohen
Jaburg & Wilk, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012

/s/Philip J. Nathanson

Philip J. Nathanson – Attorney for Plaintiff

Philip J. Nathanson   Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 101
Scottsdale, AZ  85260
(480) 419-2578
(480) 419-4136
philipj@nathansonlawfirm.com

*Attorney for Defendants*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MARCUS LABERTEW aka MARK LABERTEW; JOHN MCDERMOTT aka JACK MCDERMOTT and JENNIFER MCDERMOTT, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> FRED R. AUZENNE and LORAL LANGEMEIER, <br><br> Defendants. | : <br> : <br> : <br> : No. CV2010-051209 <br> : <br> : <br> : **(Assigned to the Honorable Linda Miles)** <br> : <br> : <br> : <br> : <br> : <br> : |

## <u>NOTICE OF CHANGE OF ADDRESS</u>

PLEASE BE ADVISED that PHILIP J. NATHANSON, the attorney for the plaintiff(s), Marcus Labertew, Jack McDermott and Jennifer McDermott, has moved to the new office address set forth below.  His phone and fax numbers remain unchanged.

Philip J. Nathanson
THE NATHANSON LAW FIRM
8326 East Hartford Drive
Suite 101
Scottsdale, AZ 85255
(480) 419-2578  (Phone)
(480) 419-4136  (FAX)
philipj@nathansonlawfirm.com

C.    When referring to a natural person, the terms "identify" or "identity" mean the full name and last known residential and business address (e.g., street address, post office box number, city, state, and zip code), and telephone numbers of such person.

D.    When referring to an entity, the terms "identify" or "identity" means the name of that entity, the business or other activity it conducts and its last known business address. For a corporation, include the full name and last known residential and business address (e.g., street address, post office box number, city, state, and zip code) of the president, directors, and shareholders of that corporation. For a partnership, include the full name and last known residential and business address (e.g., street address, post office box number, city, state, and zip code) of the persons constituting the president, shareholders, directors or partners.

E.    When referring to a communication, the terms "identify" or "identity" mean to state the identity of all parties to the communication, all persons present at the time of the communication, the date, time and location of the communication, the identity of all documents recording, summarizing or denoting the communication and the method of communication used.

F.    When referring to a document or a recording, the terms "identify" or "identity" mean to state the type of documents or recording (i.e., letter, memorandum, handwritten note, invoice, check, receipt, tape recording, photograph, etc.), the subject matter discussed in the document or recording, the date of its preparation, the identity of the author or authors of the documents or the preparer of the recording, the recipient or recipients of the document or recording, and the present location of the document or recording.

G.　　When referring to a communication, the terms "identify" or "identity" means to state the identity of all parties to the communication, all persons present at the time of the communication, the date, time and location of the communication, the identity of all documents.

H.　　Whenever reference is made to any person or entity by name, such reference shall be deemed to include all of the person's or entity's agents, employees, attorneys and other working on their behalf, and the entity's subsidiaries, affiliates, merged, consolidated or acquired predecessors, divisions and holding or parent companies and includes present and former officers, directors, shareholders, agents, employees and attorneys.

I.　　When used herein, the term "relate to" or "relating to" or "related to" shall mean constituting, defining, containing, embodying, reflecting, identifying, stating, referring to, evaluating, critiquing, dealing with or pertaining to.

J.　　The word "describe," "describes" or "describing" means a document that refers to, mentions or gives an account in words of the salient or material features and aspects of the matter.

K.　　The word "document" refers to any handwritten, typewritten, printed, transcribed or recorded statement, note, memorandum, letter, item of correspondence, report, summary, compilation, spread sheet, e-mail transmission or message, computer file, material or tangible item, including papers, books, journals, ledgers, statements, memoranda, reports, invoices, work sheets, work papers, notes, transcriptions of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, instructions,

minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recordings, audio tapes, magnetic tapes, visual tapes, transcriptions of tapes or recordings, information stored in a computer or on microfilm or other film, computer tapes or any other writings or tangible things that are in the possession, custody or control of the plaintiff, its agents or its attorneys. "Document" or "documents" shall also include any of the foregoing on which any handwriting, typing, printing, photostatic, or other forms of communications or information are recorded or reproduced, as well as all notations on the foregoing;

   (i)  Original and all other copies not absolutely identical; and

   (ii)  All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

  L.  The word "person" or "persons" means all entities of every type and description including, without limiting the generality of the foregoing, all natural persons, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and federal, state and municipal or local governmental agencies and entities and their subdivisions, bureaus, departments, and boards.

  M.  The words "you" or "your" mean the plaintiff named hereinabove and, in addition, its predecessors and successors in interest, any directors and officers of plaintiff, plaintiff's employees, attorneys, and any and all other persons acting or purporting to act on plaintiff's behalf.

## PRIVILEGED INFORMATION

  If you withhold from disclosure the complete or partial content of any document on the basis of an attorney-client privilege, work product or any other basis:

(a)     identify each document by date, signatory, author and recipient, its general subject matter and each person or organization with any knowledge of the document.

(b)     state specifically as to each document the privilege or other basis for not producing the document.

(c)     identify each party to and the date of any conversation or communication and each person who was present during or witnessed the communication.

## II

## DUTY TO DISCLOSE THE EXISTENCE
## OF INFORMATION BEING WITHHELD

In the event that you do not disclose any information that is responsive to any of the interrogatories herein on the ground that such information is within the attorney-client privilege, constitutes protected trial preparation information or is for some other reason not subject to discovery, you must, in each such instance, as required by Ariz. R. Civ. P. 26, disclose in your response to the interrogatory to which the information would be responsive (a) the identity, date, author and recipient of the information withheld, (b) the nature of the information withheld, and (c) the specific grounds on which you contend the information is privileged or otherwise not subject to discovery.

## III

## MANNER OF DOCUMENT PRODUCTION

In the event that you elect to produce documents in response to any interrogatory, such documents produced shall be clearly designated as to the interrogatory to which they are responsive.

## DEFENDANTS' INTERROGATORIES TO PLAINTIFF

1.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 10 of the Complaint.

2.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18 of the Complaint.

3.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18A of the Complaint.

4.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18B of the Complaint.

5.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18C of the Complaint.

6.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18D of the Complaint.

7.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18E of the Complaint.

8.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18F of the Complaint.

9.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18G of the Complaint.

10.    Describe and identify the facts and documents that relate to the allegations contained in paragraph 18H of the Complaint.

11.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 18I of the Complaint.

12.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 18J of the Complaint.

13.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 23 of the Complaint.

14.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 33 of the Complaint.

15.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 34 of the Complaint.

16.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 46 of the Complaint.

17.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 1G of the Affirmative Defenses to the Counterclaim.

18.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 1J of the Affirmative Defenses to the Counterclaim.

19.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 1K of the Affirmative Defenses to the Counterclaim.

20.     Describe and identify the facts and documents that relate to the allegations contained in paragraph 1M of the Affirmative Defenses to the Counterclaim.

Dated this 13th day of July, 2009.


Philip J. Nathanson

Arizona State Bar #013624
THE NATHANSON LAW FIRM


*Attorney for Defendants Labertew and McDermott*

ORIGINAL and one copy of the foregoing
Non-Uniform Interrogatories were
served, via U.S. Mail, this 13th day of July,
2009, on:

Roger L. Cohen
Michelle C. Lombino
Jaburg & Wilk, P.C.
3200 N. Central Avenue, Suite 2000
Phoenix, AZ 85012
*Attorneys for Plaintiff*

Philip J. Nathanson
_____
Defendants' Counsel

Philip J. Nathanson    Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 101
Scottsdale, AZ  85260
(480) 419-2578
(480) 419-4136
philipj@nathansonlawfirm.com

*Attorney for Defendants Labertew and McDermott*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BIONOVIX, INC., a Delaware corporation, | : No. CV 2009 - 011617 |
| Plaintiff, | : |
| v. | : **DEFENDANTS' LABERTEW AND** |
| | **MCDERMOTT'S FIRST REQUEST FOR** |
| MARCUS LABERTEW aka MARK | **THE PRODUCTION OF DOCUMENTS .** |
| LABERTEW and JANE DOE LABERTEW, | |
| husband and wife; JOHN MCDERMOTT aka | : |
| JACK MCDERMOTT and JANE DOE | |
| MCDERMOTT, husband and wife; SUZY | : |
| PARK and JOHN DOE PARK, husband and | : |
| wife, JOHN DOES 1-10; JANE DOES 1-10; | : |
| ABC COMPANIES 1-10, | |
| Defendants. | : |

Defendants, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, request the production of documents from plaintiff that are set forth below, pursuant to Ariz. R. Civ. P. 34, as follows:

### DEFINITIONS AND INSTRUCTIONS

A.    "Plaintiff" shall refer to BIONOVIX, INC., its board of directors, directors and officers.

B.      "Defendants" shall refer to defendant MARCUS LABERTEW and JOHN MCDERMOTT.

C.      When referring to a natural person, the terms "identify" or "identity" mean the full name and last known residential and business address (e.g., street address, post office box number, city, state, and zip code), and telephone numbers of such person.

D.      When referring to an entity, the terms "identify" or "identity" means the name of that entity, the business or other activity it conducts and its last known business address. For a corporation, include the full name and last known residential and business address (e.g., street address, post office box number, city, state, and zip code) of the president, directors, and shareholders of that corporation. For a partnership, include the full name and last known residential and business address (e.g., street address, post office box number, city, state, and zip code) of the persons constituting the president, shareholders, directors or partners.

E.      When referring to a communication, the terms "identify" or "identity" mean to state the identity of all parties to the communication, all persons present at the time of the communication, the date, time and location of the communication, the identity of all documents recording, summarizing or denoting the communication and the method of communication used.

F.      When referring to a document or a recording, the terms "identify" or "identified" or "identity" mean to state the type of documents or recording (i.e., letter, memorandum, handwritten note, invoice, check, receipt, tape recording, photograph, etc.), the subject matter discussed in the document or recording, the date of its preparation, the identity of the author or authors of the documents or the preparer of

4. Counter-defendant intended to induce counter-plaintiffs with the foregoing misrepresentations.

5. Counter-defendant intended to defraud counter-plaintiffs with the foregoing misrepresentations.

6. Counter-plaintiffs relied on the foregoing misrepresentations in becoming employed by counter-defendant, and in remaining employed by counter-defendant, and counter-defendant intended counter-plaintiffs to rely on said misrepresentations.

7. The foregoing misrepresentations proximately caused the counter-plaintiffs to suffer financial injury, including unpaid salary, unreimbursed expenses and loss of financial opportunities.

8. Counter-defendants' fraud was deliberate, willful and malicious, thereby requiring the imposition of punitive damages to punish and deter the foregoing conduct.

WHEREFORE, Defendants-Counter-plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, demand damages on the counterclaim against plaintiff, BIONOVIX, INC., a Delaware corporation, in an amount in excess of $50,000 for compensatory damages, and in an amount sufficient to punish and deter counter-defendant for punitive damages.

## COUNT III
## BREACH OF CONTRACT AND UNPAID WAGE CLAIM

1-2. Counter-plaintiffs reallege and incorporate herein paragraphs 1-2 of Count II as and for paragraphs 1-2 of this Count III.

3. Counter-plaintiff LABERTEW was owed many months of salary plus at least $50,000 in unreimbursed credit card charges that he incurred for the benefit of the business and that constituted appropriate business expenses.

1       4.      Counter-plaintiff LABERTEW was owed many months of salary plus at

2 least $50,000 in unreimbursed credit card charges that he incurred for the benefit of the

3 business and that constituted appropriate business expenses.

4       5.      Counter-plaintiff JOHN MCDERMOTT was owed many months of salary

5 plus unreimbursed credit card charges that he incurred for the benefit of the business and

6 that constituted appropriate business expenses.

7       6.      Counter-defendant repeatedly promised to pay these amounts due to both

8 counter-plaintiffs, but failed and refused to do so.

9       WHEREFORE, Defendants-Counter-plaintiffs, MARCUS LABERTEW, aka MARK

10 LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE

11 MCDERMOTT, husband and wife, demand damages on the counterclaim against

12 plaintiff, BIONOVIX, INC., a Delaware corporation, in an amount in excess of $50,000 for

13 compensatory damages.

Dated this 18TH day of June, 2009.

Philip J. Nathanson
Arizona State Bar #013624
THE NATHANSON LAW FIRM

*Attorney for Defendants*

1   ORIGINAL of the foregoing
    filed this 18th day of June,
2   2009, with the Clerk of the Court.

3   COPY of the foregoing hand-
    delivered the same date to:
4
    The Honorable Thomas Dunevant III
5   Central Court Building (CCB)
    201 W. Jefferson
6   Phoenix, Arizona 85003

7   COPY of the foregoing mailed
    the same date to:
8
    Roger L. Cohen
9   Michelle C. Lombino
    Jaburg & Wilk, P.C.
10  3200 N. Central Avenue, Suite 2000
    Phoenix, AZ 85012
11
    *Attorneys for Plaintiff*
12

13

14  _____
    Defendants' Counsel
15

16

17

18

19

20

21

22

23

24

25

Roger L. Cohen (004409)
Michelle C. Lombino (016252)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rlc@jaburgwilk.com
mcl@jaburgwilk.com
(602) 248-1000

Attorneys for Plaintiff

# SUPERIOR COURT OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| BIONOVIX, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS LABERTEW aka MARK LABERTEW and JANE DOE LABERTEW, husband and wife; JOHN MCDERMOTT aka JACK MCDERMOTT and JANE DOE MCDERMOTT, husband and wife; SUZY PARK and JOHN DOE PARK, husband and wife, JOHN DOES 1-10; JANE DOES 1-10; ABC COMPANIES 1-10,<br><br>    Defendants. | Case No. CV2009-011617<br><br>**REPLY TO COUNTERCLAIMS**<br><br>(Assigned to Hon. Thomas Dunevant, II) |

For its Reply to the Counterclaims of Defendants Labertew and McDermott, Plaintiff BioNovix, Inc. ("BioNovix") hereby admits, denies and alleges as follows:

## Count I

1.    Answering Paragraph 1 of Count I of the Counterclaim, BioNovix admits that at certain times, Mark Labertew and John McDermott were employed by BioNovix, and denies the remaining allegations of that paragraph.

2.     Answering Paragraph 2 of Count I of the Counterclaim, BioNovix admits that it as and is a Delaware corporation, and denies the remaining allegations of that paragraph.

3.     Answering Paragraph 3 of Count I of the Counterclaim, BioNovix denies the allegations of that paragraph.

4.     Answering Paragraph 4 of Count I of the Counterclaim, BioNovix denies that it made, issued and published defamatory statements or made malicious and wrongful statements about Marcus Labertew and John McDermott, and admits that it has alleged that Marcus Labertew and John McDermott intentionally undertook to, and did, engage in a consistent course of conduct detrimental to the rights and interests of BioNovix, including without limitation (a) misappropriating and diverting for their own personal benefit funds and other tangible and intangible assets of BioNovix and otherwise engaging in self-dealing, (b) destroying tangible and intangible property of BioNovix, and (c) denying BioNovix access to its own computer data and other tangible and intangible property.

5.     Answering Paragraph 5 of Count I of the Counterclaim, BioNovix denies the allegations of that paragraph.

6.     Answering Paragraph 6 of Count I of the Counterclaim, BioNovix admits that it has alleged that Marcus Labertew and John McDermott have breached their fiduciary duties as employees and actual or purported officers of BioNovix, and have misappropriated and diverted for their own personal benefit funds and other tangible and intangible assets of BioNovix, and denies the remaining allegations of that paragraph.

7.     Answering Paragraph 7 of Count I of the Counterclaim, BioNovix denies the allegations of that paragraph.

8.     Answering Paragraph 8 of Count I of the Counterclaim, BioNovix denies the allegations of that paragraph.

9.     Answering Paragraph 9 of Count I of the Counterclaim, BioNovix denies the allegations of that paragraph.

2

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

10.     Answering Paragraph 10 of Count I of the Counterclaim, BioNovix denies the allegations of that paragraph.

WHEREFORE, having fully answered Count I of the Counterclaim, BioNovix requests that judgment be entered against Defendants, and each of them, as follows:

    A.     Dismissing Count I of the Counterclaim in its entirety, Defendants taking nothing thereby;

    B.     For an award of its costs incurred herein;

    C.     For an award of its attorney's fees incurred herein;

    D.     For such other and further relief as this Court deems just and proper.

## Count II

11.     BioNovix incorporates by this reference all admissions, denials and allegations set forth above as though fully set forth herein

12.     Answering Paragraph 1 of Count II of the Counterclaim, BioNovix admits that at certain times, Mark Labertew and John McDermott were employed by BioNovix, and denies the remaining allegations of that paragraph.

13.     Answering Paragraph 2 of Count II of the Counterclaim, BioNovix admits that it as and is a Delaware corporation, and denies the remaining allegations of that paragraph.

14.     Answering Paragraph 3 of Count II of the Counterclaim, BioNovix denies the allegations in that paragraph.

15.     Answering Paragraph 4 of Count II of the Counterclaim, BioNovix denies the allegations in that paragraph.

16.     Answering Paragraph 5 of Count II of the Counterclaim, BioNovix denies the allegations in that paragraph.

17.     Answering Paragraph 6 of Count II of the Counterclaim, BioNovix denies the allegations in that paragraph.

18.     Answering Paragraph 7 of Count II of the Counterclaim, BioNovix denies the allegations in that paragraph.

3

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

19.   Answering Paragraph 8 of Count II of the Counterclaim, BioNovix denies the allegations in that paragraph.

WHEREFORE, having fully answered Count Two of the Counterclaim, BioNovix requests that judgment be entered against Defendants, and each of them, as follows:

A.   Dismissing Count II of the Counterclaim in its entirety, Defendants taking nothing thereby;

B.   For an award of its costs incurred herein;

C.   For an award of its attorney's fees incurred herein;

D.   For such other and further relief as this Court deems just and proper.

## Count III

20.   BioNovix incorporates by this reference all admissions, denials and allegations set forth above as though fully set forth herein

21.   Answering Paragraph 3 of Count III of the Counterclaim, BioNovix denies the allegations of that paragraph.

22.   Answering Paragraph 4 of Count III of the Counterclaim, BioNovix denies the allegations of that paragraph.

23.   Answering Paragraph 5 of Count III of the Counterclaim, BioNovix denies the allegations of that paragraph.

24.   Answering Paragraph 6 of Count III of the Counterclaim, BioNovix denies the allegations of that paragraph.

WHEREFORE, having fully answered Count III of the Counterclaim, BioNovix requests that judgment be entered against Defendants, and each of them, as follows:

A.   Dismissing Count III of the Counterclaim in its entirety, Defendants taking nothing thereby;

B.   For an award of its costs incurred herein;

C.   For an award of its attorney's fees incurred herein;

D.   For such other and further relief as this Court deems just and proper.

4

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

## AFFIRMATIVE DEFENSES

1.     BioNovix alleges the following affirmative defenses:

      A.     Counterclaim fails to state a claim upon which relief may be granted pursuant to 12(b) Arizona Rules of Civil Procedure;

      B.     Prior breach of contract;

      C.     Failure of consideration;

      D.     Accord and satisfaction;

      E.     Payment;

      F.     Waiver;

      G.     Consent;

      H.     Setoff;

      I.     Recoupment;

      J.     Laches;

      K.     Release;

      L.     Estoppel;

      M.     Unclean hands;

      N.     Failure to mitigate damages;

2.     BioNovix reserves the right to assert any other affirmative defenses pursuant to Rules 8 and 12, Arizona Rules of Civil Procedure. If facts should be revealed during the course of discovery which would support assertion of those defenses.

    WHEREFORE, having fully answered the Counterclaim, BioNovix requests judgment be entered by this Court in favor of BioNovix and against Defendants as follows:

      A. The Counterclaims be dismissed with prejudice;

      B. For an award of its costs incurred herein;

      C. For an award of its attorney's fees incurred herein;

      D. For such other and further relief as this Court deems just and proper.

5

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

13897-1/MCL/MCL/733865_v1

DATED this 8th day of July, 2009.

JABURG & WILK, P.C.

Roger L. Cohen
Michelle C. Lombino
*Attorneys for Plaintiff*

**ORIGINAL** filed and **COPY**
of the foregoing hand-delivered
this 8th day of July, 2009 to:

Honorable Thomas Dunevant III
Maricopa County Superior Court (CCB)
201 W. Jefferson
Phoenix, Arizona 85003

**COPY** of the foregoing mailed
this 8th day of July, 2009 to:

Philip J. Nathanson
The Nathanson Law Firm
8765 E. Bell Road, Suite 101
Scottsdale, Arizona 85260
*Attorney for Defendants*

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

6

Philip J. Nathanson    Arizona State Bar #013624
THE NATHANSON LAW FIRM
8765 E. Bell Rd. – Suite 101
Scottsdale, AZ  85260
(480) 419-2578
(480) 419-4136
philipj@nathansonlawfirm.com

*Attorney for Defendants Labertew and McDermott*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| BIONOVIX, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS LABERTEW aka MARK LABERTEW and JANE DOE LABERTEW, husband and wife; JOHN MCDERMOTT aka JACK MCDERMOTT and JANE DOE MCDERMOTT, husband and wife; SUZY PARK and JOHN DOE PARK, husband and wife, JOHN DOES 1-10; JANE DOES 1-10; ABC COMPANIES 1-10,<br><br>    Defendants. | No. CV 2009 - 011617<br><br>**DEFENDANTS' LABERTEW AND MCDERMOTT'S NON-UNIFORM INTERROGATORIES TO PLAINTIFF .** |

Defendants, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, propound these non-uniform interrogatories to plaintiff, as follows:

**DEFINITIONS AND INSTRUCTIONS**

    A.    "Plaintiff" shall refer to BIONOVIX, INC., its board of directors, directors and officers.

    B.    "Defendants" shall refer to defendant MARCUS LABERTEW and JOHN MCDERMOTT.

Count Two

(Conversion)

22.     BioNovix reiterates all of the above allegations as if set forth in full.

**ANSWER:**     The answering defendants reiterate their answers to the foregoing allegations.

23.     By their acts and omissions as set forth above, Labertew and McDermott took possession of the Converted Property, with the intent to permanently deprive BioNovix of its possession, use and enjoyment.

**ANSWER:**     Defendants deny the allegations of paragraph 23.

24.     Despite demand, Labertew and McDermott have failed and refused to return the Converted Property to BioNovix.

**ANSWER:**     Defendants deny the allegations of paragraph 24.

25.     Labertew and McDermott's acts and omissions described above constitute conversion of BioNovix's property.

**ANSWER:**     Defendants deny the allegations of paragraph 25.

26.     By their acts and omissions as set forth above, Labertew, McDermott, and Park took possession of the Company Property, with the intent to permanently deprive BioNovix of its possession, use and enjoyment.

**ANSWER:**     Defendants deny the allegations of paragraph 26.

27.     Despite demand, Labertew, McDermott, and Park have failed and refused to return the Company Property to BioNovix.

**ANSWER:**     Defendants deny the allegations of paragraph 27.

28. The acts and omissions of Labertew, McDermott and Park described above constitute conversion of BioNovix's property.

**ANSWER:** Defendants deny the allegations of paragraph 28.

29. As a direct and proximate result of the acts and omissions of Labertew, McDermott, and Park set forth above, BioNovix has suffered, and continues to suffer, damages, in the form of loss of use of property, loss of revenues, damage to reputation and otherwise, in amounts not yet determined.

**ANSWER:** Defendants deny the allegations of paragraph 29.

30. Further, Labertew, McDermott and Park are liable to BioNovix for the value of the Converted Property, in an amount to be proven at trial.

**ANSWER:** Defendants deny the allegations of paragraph 30.

31. The conduct of Labertew, McDermott and Park set forth above was intentional, malicious and performed with a conscious intention to injure BioNovix, or with a conscious disregard for the risk of such injury. BioNovix is therefore entitled to an award of punitive damages in an amount sufficient to punish those Defendants and deter such conduct in the future.

**ANSWER:** Defendants deny the allegations of paragraph 31.

WHEREFORE, Defendants, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, and each of them, deny that defendants are guilty of any of the matters alleged, and defendants further deny that plaintiff is entitled to any damages. Defendants ask this Court to enter judgment in their favor.

### Count Three

### (Misappropriation of Trade Secrets)

32. BioNovix reiterates all of the above allegations as if set forth in full.

**ANSWER:** The answering defendants reiterate their answers to the foregoing allegations.

33. The Confidential Information constitutes "trade secrets," as defined in the Arizona Uniform Trade Secret Act, A.R.S. §44-401, *et seq.*, in that it (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

**ANSWER:** Defendants admit the content of the Trade Secrets Act.

34. The acts and omissions of Labertew and McDermott in removing, copying and using the Confidential Information, as set forth above, constitute willful and malicious misappropriation of BioNovix's trade secrets.

**ANSWER:** Defendants deny the allegations contained in paragraph 34.

35. Upon information and belief, unless Labertew and McDermott are enjoined from so doing, Labertew and McDermott will continue to misappropriate BioNovix's trade secrets.

**ANSWER:** Defendants deny the allegations contained in paragraph 35.

36. BioNovix is therefore entitled to preliminary and permanent injunctions enjoining and restraining Defendants from any and all further use, disclosure or other misappropriation of the Confidential Information.

**ANSWER:** Defendants deny the allegations contained in paragraph 36.

37. Alternatively, BioNovix is entitled to recover damages or recoupment of the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

**ANSWER:** Defendants deny the allegations contained in paragraph 37.

38. BioNovix is further entitled to recover its reasonable attorney fees pursuant to A.R.S. §44-404.

**ANSWER:** Defendants deny the allegations contained in paragraph 38.

WHEREFORE, Defendants, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, and each of them, deny that defendants are guilty of any of the matters alleged, deny that the plaintiff is entitled to injunctive relief, and defendants further deny that plaintiff is entitled to any damages. Defendants ask this Court to enter judgment in their favor.

### Count Four

### (Unjust Enrichment)

39. BioNovix reiterates all of the above allegations as if set forth in full.

**ANSWER:** The answering defendants reiterate their answers to the foregoing allegations.

40. By their acts and omissions, as set forth above, in receiving and retaining the Converted Property, Labertew and McDermott have been unjustly enriched at the expense of BioNovix.

**ANSWER:** Defendants deny the allegations contained in paragraph 40.

41. It would be unjust to permit Labertew and McDermott to retain the Converted Property without providing compensation to BioNovix.

**ANSWER:** Defendants deny the allegations contained in paragraph 41.

1    42.    By their acts and omissions, as set forth above, in receiving and retaining

2  the Company Property, Labertew, McDermott and Park have been unjustly enriched at

3  the expense of BioNovix.

4    **ANSWER:**    Defendants deny the allegations contained in paragraph 42.

5    43.    It would be unjust to permit Labertew, McDermott, and Park to retain the

6  Converted Property without providing compensation to BioNovix.

7    **ANSWER:**    Defendants deny the allegations contained in paragraph 43.

8    44.    BioNovix is entitled to recover its reasonable attorney fees pursuant to

9  A.R.S. §12-341.01.01.

10    **ANSWER:**    Defendants deny the allegations contained in paragraph 44.

11    WHEREFORE, Defendants, MARCUS LABERTEW, aka MARK LABERTEW, and

12  JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband

13  and wife, and each of them, deny that defendants are guilty of any of the matters alleged,

14  and defendants further deny that plaintiff is entitled to any damages.  Defendants ask this

15  Court to enter judgment in their favor.

16                    **Count Five**

17                  **(Computer Tampering)**

18    45.    BioNovix reiterates all of the above allegations as if set forth in full.

19    **ANSWER:**    The answering defendants reiterate their answers to the

20  foregoing allegations.

21    46.    By their conduct as set forth above, Labertew and McDermott knowingly

22  altered, damaged, deleted or destroyed computer programs or data in violation of

23  Arizona law, specifically, A.R.S. §13-2316.

24    **ANSWER:**    The defendants deny the allegations in paragraph 46.

25

47. As a direct, proximate and foreseeable result of Labertew and McDermott's acts and omissions as set forth above, BioNovix has suffered, and continues to suffer, damages, in the form of lost revenues, loss of good will and otherwise, in an amount not yet determined.

ANSWER: The defendants deny the allegations in paragraph 47.

48. BioNovix is entitled to recover damages for Labertew and McDermott's illegal conduct.

ANSWER: The defendants deny the allegations in paragraph 48.

49. The conduct of Labertew and McDermott set forth above was intentional, malicious and performed with a conscious intention to injure BioNovix, or with a conscious disregard for the risk of such injury. BioNovix is therefore entitled to an award of punitive damages in an amount sufficient to punish those Defendants and deter such conduct in the future.

ANSWER: The defendants deny the allegations in paragraph 49.


WHEREFORE, Defendants, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, and each of them, deny that defendants are guilty of any of the matters alleged, and defendants further deny that plaintiff is entitled to any damages. Defendants ask this Court to enter judgment in their favor.

## COUNTERCLAIM

Defendants-Counter-plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, by their attorneys, PHILIP J. NATHANSON and THE NATHANSON

LAW FIRM, counterclaim against plaintiff, BIONOVIX, INC., a Delaware corporation, and alleges as follows:

COUNT I<br>DEFAMATION

1.  At all times material herein, MARCUS LABERTEW and JOHN MCDERMOTT, counter-plaintiffs herein, were businessmen working for plaintiff.

2.  At the time of the commission of the wrongs alleged below, counter-defendant BIONOVIX, INC., a Delaware corporation, was, and still is, a corporation in business.

3.  At the time of the commission by defendant of the wrongs hereinafter alleged, and for a long time prior thereto, counter-plaintiffs MARCUS LABERTEW and JOHN MCDERMOTT, were persons of good name and reputation in the business community in which they concentrated, and were deservedly held in high esteem by and among their fellow professional colleagues, customers, vendors and the general public.

4.  During its employment of counter-plaintiffs, and thereafter, counter-defendant BIONOVIX, INC., made, issued and published defamatory statements, wherein counter-defendant BIONOVIX, INC., maliciously and wrongfully stated to public, to customers, to distributors, shareholders and vendors that counter-plaintiffs had, in the course of their employment with counter-defendant:

    (a)  converted corporate assets, and stolen other person's funds;

    (b)  taken the products and funds that belonged to the distributors;

    (c)  acted in a disloyal and unprofessional manner toward BioNovix.

5.  The statements of defendant that are set forth above in paragraph 4 were and are false. Counter-defendant either knew that those statements were false, or defendant proceeded to make those statements in reckless disregard of their truth or falsity. Counter-

1 defendant failed to make proper inquiry of counter-plaintiffs or otherwise before publishing

2 those statements; and, in the publication of said defamatory statements, counter-defendant

3 showed actual malice, spite and ill-will toward counter-plaintiffs.

4       6.     Counter-defendant falsely, maliciously and wrongfully intended to injure

5 and destroy counter-plaintiffs' good name and reputation; and to expose counter-plaintiffs

6 to public contempt, hatred, suspicion, and financial injury. Counter-defendant falsely,

7 maliciously and wrongfully wrote and published, or caused to be written and published, of

8 and concerning the counter-plaintiffs, and of and concerning counter-plaintiffs' employment

9 and professional status, the defamatory, false, malicious and scandalous words set forth in

10 the statements in paragraph 4. Those words in the foregoing statements contained false

11 assertions concerning plaintiffs that are defamatory *per se*, in that:

    (a)    the statements made impute want of integrity in discharging professional
12               duties, and prejudice plaintiffs in their profession; and also
13

14     (b)    the statements accuse plaintiffs of, and impute to them, the commission of the
              crime of theft.
15

16

17       7.     Counter-defendant further falsely, maliciously and wrongfully intended to

18 injure and destroy counter-plaintiffs' good name, fame and reputation in their employment,

19 business and occupation; to bring them into disgrace in thier profession and with their

20 colleagues therein, as well as other persons with whom they had dealings in their profession;

21 to cause them to be regarded as unfit persons and unworthy to carry on the duties of their

22 employment and business; and to prejudice and injure them with their colleagues and

23 business associates.

24       8.     Counter-defendant, with actual malice, published, or caused the publication

25 of, said false and defamatory statements, and therefore and thereby distributed, or caused

the distribution of, copies of said defamatory statements to the public, to customers, to distributors, to shareholders and to vendors so that professional colleagues and clients of plaintiffs would hear about such statements about counter-plaintiffs.

9. As a direct and proximate result of one or more of the aforesaid acts of the counter-defendant, and the publication of said defamatory statements, counter-plaintiffs have been, and are, jeopardized in their employment, reputation and standing; and they have sustained financial loss in their profession and occupations as businessmen. Counter-Plaintiffs have been obliged to consult legal counsel with respect to their employment and other matters arising therefrom, and they have necessarily paid or obligated themselves to pay large sums therefor. Plaintiffs have been severely and permanently injured in their reputation and good standing in the business community; and they will in the future have a diminished earning capacity as a result of the slander/defamation *per se* committed by counter-defendant.

10. As a direct and proximate result of the foregoing conduct in which counter-defendant engaged, punitive damages should be assessed in this case to punish the counter-defendant and to deter others from engaging in similar conduct.

WHEREFORE, Defendants-Counter-plaintiffs, MARCUS LABERTEW, aka MARK LABERTEW, and JOHN MCDERMOTT aka JACK MCDERMOTT, and JANE DOE MCDERMOTT, husband and wife, demand damages on the counterclaim against plaintiff, BIONOVIX, INC., a Delaware corporation, in an amount in excess of $50,000 for compensatory damages, and in an amount sufficient to punish and deter counter-defendant for punitive damages.

COUNT II
FRAUD

1.    At all times material herein, MARCUS LABERTEW and JOHN MCDERMOTT, counter-plaintiffs herein, were businessmen working for plaintiff.

2.    At the time of the commission of the wrongs alleged below, counter-defendant BIONOVIX, INC., a Delaware corporation, was, and still is, a corporation in business.

3.    Counter-defendant, BIONOVIX, INC., induced counter-plaintiffs, MARCUS LABERTEW and JOHN MCDERMOTT, to become employed by counter-defendant, and to remain employed by counter-defendant, by means of the misrepresentations set forth below:

    (a)    That the counter-defendant did not have any financial difficulties, and that it had sufficient capital, when in fact the company was grossly undercapitalized and always in need of raising new funds from new investors. There was barely enough money at times to pay the vendors, who had to be paid first along with the employees and distributors;

    (b)    After receiving his first paycheck, counter-plaintiff LABERTEW did not receive regular paychecks, and counter-plaintiff MCDERMOTT also was not paid regularly and was owed large sums of money for unpaid wages;

    (c)    That the Board of Directors functioned appropriately and efficiently, when in fact it could not even run a meeting properly;

    (d)    That the company was not engaging in any financial improprieties, when in fact some of the directors and officers: (i) took excessive fees exceeding $750,000 per year; (ii) purchased an airplane with corporate funds; (iii) Loral had Bionovix purchase over $100,000 of her Live out Load CD's and books; (iv) commingled corporate funds with their personal bank accounts; and (v) received $5,000 a month for a condominium that they personally owned.

36. BioNovix is therefore entitled to preliminary and permanent injunctions enjoining and restraining Defendants from any and all further use, disclosure or other misappropriation of the Confidential Information.

37. Alternatively, BioNovix is entitled to recover damages or recoupment of the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

38. BioNovix is further entitled to recover its reasonable attorney fees pursuant to A.R.S. §44-404.

WHEREFORE, BioNovix requests Judgment against Defendants Labertew and McDermott, and each of them, as follows:

    A.     For a preliminary injunction enjoining and restraining the above Defendants, their employees and agents, and all parties acting for or in concert with them, during the pendency of this action, from any and all use, disclosure or other misappropriation of the Confidential Information.

    B.     For a permanent injunction enjoining and restraining the above Defendants, their employees and agents, and all parties acting for or in concert with them from any and all use, disclosure or other misappropriation of the Confidential Information.

    C.     For damages or, in the alternative, recoupment of the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss, in such amount as may be proved at trial, together with interest at the highest legal rate from the date due until paid in full;

    D.     For its costs and attorney fees;

    E.     For interest on the foregoing amounts at the highest legal rate from the date of Judgment until paid in full; and

    F.     For such other and further relief as is proper and just.

**Count Four**
**(Unjust Enrichment)**

39. BioNovix reiterates all of the above allegations as if set forth in full.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

40.  By their acts and omissions, as set forth above, in receiving and retaining the Converted Property, Labertew and McDermott have been unjustly enriched at the expense of BioNovix.

41.  It would be unjust to permit Labertew and McDermott to retain the Converted Property without providing compensation to BioNovix.

42.  By their acts and omissions, as set forth above, in receiving and retaining the Company Property, Labertew, McDermott and Park have been unjustly enriched at the expense of BioNovix.

43.  It would be unjust to permit Labertew, McDermott, and Park to retain the Converted Property without providing compensation to BioNovix.

44.  BioNovix is entitled to recover its reasonable attorney fees pursuant to A.R.S. §12-341.01.

WHEREFORE, BioNovix requests Judgment against Defendants Labertew, McDermott, and Park, and each of them, as follows:

A.  For the value of the Converted Property;

B.  For its costs and reasonable attorney fees;

C.  For interest on the foregoing amounts at the highest legal rate from the date of Judgment until paid in full; and

D.  For such other and further relief as is proper and just.

## Count Five
## (Computer Tampering)

45.  BioNovix reiterates all of the above allegations as if set forth in full.

46.  By their conduct as set forth above, Labertew and McDermott knowingly altered, damaged, deleted or destroyed computer programs or data in violation of Arizona law, specifically, A.R.S. §13-2316.

47.  As a direct, proximate and foreseeable result of Labertew and McDermott's acts and omissions as set forth above, BioNovix has suffered, and continues to suffer,

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

damages, in the form of lost revenues, loss of good will and otherwise, in an amount not yet determined.

48.     BioNovix is entitled to recover damages for Labertew and McDermott's illegal conduct.

49.     The conduct of Labertew and McDermott set forth above was intentional, malicious and performed with a conscious intention to injure BioNovix, or with a conscious disregard for the risk of such injury. BioNovix is therefore entitled to an award of punitive damages in an amount sufficient to punish those Defendants and deter such conduct in the future.

WHEREFORE, BioNovix requests Judgment against Defendants Labertew and McDermott, and each of them, as follows:

A.     For special damages in such amounts as may be proved at trial;

B.     For general damages in such amount as may be proved at trial;

C.     For punitive damages in an amount sufficient to punish the above Defendants and deter such conduct in the future;

D.     For its costs;

E.     For interest on the foregoing amounts at the highest legal rate from the date of Judgment until paid in full; and

F.     For such other and further relief as is proper and just.

DATED this ⁄ ⁴ day of April, 2009.

**JABURG & WILK, P.C.**

Roger L. Cohen
Michelle C. Lombino
Attorneys for Plaintiff BioNovix

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000