**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Marcus Labertew aka Mark Labertew and Jane Doe Labertew, husband and wife; John McDermott aka Jack McDermott and Jennifer McDermott, husband and wife,

Plaintiffs/Judgment Creditors,

vs.

Loral Langemeier,

Defendant/Judgment Debtor.

---

Chartis Property Casualty Company, otherwise known as AIG Casualty Company, and 21st Century North America Insurance Company, formerly known as American International Insurance Company,

Garnishees.

No. CV 13-01785-PHX-DGC

**REPORT AND RECOMMENDATION**

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE;

This matter arises on Garnishees Chartis Property Casualty Company, otherwise known as AIG Casualty Company, and 21st Century North America Insurance Company, formerly known as American International Insurance Company's (together "Garnishees") Notice of Lodging Judgment Pursuant to A.R.S. §12-1581(A). (Doc. 9.) Plaintiffs/Judgment Creditors (hereinafter "Plaintiffs") filed a Response, (Doc. 17), and Garnishees filed a Reply (Doc. 18). The matter was referred to this Court by presiding District Court Judge Campbell on December 9, 2013. (Doc. 19.)

## BACKGROUND

On March 11, 2010, Plaintiffs filed a Complaint in the Maricopa County Superior Court of Arizona against Fred R. Auzenne and Loral Langemeier (hereinafter the "state litigation"). (Doc. 1-1, at 2.) The matter proceeded to trial, but settled before completion, and on May 30, 2013, the parties entered into a stipulated judgment in favor of Plaintiffs on their claims of defamation, false arrest, false imprisonment and malicious prosecution, and tortuous interference with contractual relations against Defendant Loral Langemeier ("Defendant/Judgment Debtor" in this litigation) in the amount of $1,500,000.00 with post-judgment interest. (Doc. 1-16, at 9, 27-28.) The remaining claims and defendants were dismissed. (Id., at 10-27.)

On July 29, 2013, Plaintiffs filed Applications for Writs of Garnishment, and corresponding Writs of Garnishment, against Garnishees in state court, seeking to recover on the stipulated judgment. (Doc. 1-16, at 31- 55.) The applications asserted that Plaintiffs had reason to believe that Garnishees were indebted to Plaintiffs for non-earnings.[1] Plaintiffs asserted that Defendant/Judgment Debtor had tendered her defense to the complaint in the state litigation to Garnishees, notifying Garnishees of the Complaint and providing excerpts from Plaintiff McDermott's deposition in which he claimed to have suffered a stroke as a result of Defendant/Judgment Debtor's actions. (Id., at 32.) Plaintiffs assert that Garnishees denied insurance coverage "without seeking any additional information from [Defendant/Judgment Debtor] or her representatives," and "owed a duty to defend her from all potentially covered claims alleged in the [state litigation]." (Id.)

As part of this settlement in the state litigation, Plaintiffs asserted that Defendant/Judgment Debtor "assigned her claims against Garnishees to Plaintiffs pursuant to *Damron v. Sledge*, 105 Ariz. 11, 460 P.2d 997 (1969)" (hereinafter "Damron Agreement"). (Doc. 1-1, at , at 33.) The claims assigned, according to Plaintiffs, included claims that "Garnishees failed to timely and properly investigate the claims against

[1] The applications for Writs for Garnishment were filed against the two Garnishees separately, and contained the same language.

[Defendant/Judgment Debtor]; improperly denied coverage; failed to comply with the reasonable expectations of [Defendant/Judgment Debtor]; failed to investigate the duties it owed under the insurance policies; failed to adequately communicate with and/or advise [Defendant/Judgment Debtor] regarding the policies; failed to give equal consideration to the interests of [Defendant/Judgment Debtor]; failed to consider the applicable authority addressing the relevant issues; failed to satisfy its obligations, *inter alia*, to defend and indemnify [Defendant/Judgment Debtor]; and violated state and federal law related to unfair claims handling practices.[2]" (Id.)

Garnishees then removed the matters to federal court based upon diversity of jurisdiction. (Do. 1, at 1-7.) On September 4, 2013, Garnishees filed their Answers to the Writs of Garnishment. (Docs. 6-7.) In their Answers, Garnishees denied being indebted to or otherwise being in possession of monies belonging to Defendant/Judgment Debtor. (Id.) On September 11, 2013, Garnishees filed a Demand for Jury Trial. (Doc. 8.) On October 1, 2013, Garnishees filed a Notice of Lodging Judgment Pursuant to A.R.S. § 12-1581(A), requesting therein that the Court lodge judgment in favor of Garnishees in light of no timely written objection by Plaintiffs to their Answers, as "mandated by Arizona law." (Doc. 9, at 2.)

**APPLICABLE LAW**

A.R.S. §12-1581(A) provides that any party having an objection to the answer of a garnishee has ten days to file a written objection and request for hearing. "[I]f no written objection to the answer is timely filed, the court shall enter judgment discharging the garnishee." Since Plaintiffs did not file an objection and timely request for hearing within ten days of the filing of Garnishees' Answers (and have not as of this date), Garnishees

---

[2]Garnishees deny being put on adequate notice of the state litigation, asserting that counsel for Defendant/Judgment Debtor, after 3-years of litigation and 40-days before trial, finally tendered a letter to Garnishees that contained various documents filed in the state litigation. (Doc. 18, at 2.) Garnishees assert that they began an investigation into the claim, but that before their investigation was completed, Plaintiffs and Defendant/Judgment Debtor entered into the Damron Agreement. (Id.)

argue that the Court must enter judgment in their favor. Garnishees also cite Moody v. Lloyd's of London, 61 Ariz. 534 (1944) in support of their assertion. In Moody, the Arizona Supreme Court held that "garnishment is strictly a statutory proceedings and all pleadings under it must be in accordance with the statue." 61 Ariz. at 540 (construing Arizona Code 1939 §25-209, now A.R.S. §12-1581, which provided that when the answer of a garnishee is not controverted, the court must enter judgment discharging the garnishee).

Plaintiffs argue in their response that, once this garnishment action was removed to federal court, the Federal Rules of Civil Procedure govern the time limits, not the state court garnishment procedures, "for Answers and Replies to Answers." (Doc. 17, at 3.) Plaintiffs cite Granny Goose Foods, Inc. v. Brotherhood of Teamsters, et al., 415 U.S. 423 (1974), Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010), Richard v. Harper, 864 F.2d 85, 87 (9th Cir. 1988), and Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967), in support of its position.

The Supreme Court's decision in Granny Goose Foods, Inc., does not support Plaintiffs' sweeping proposition that the Federal Rules of Civil Procedure, not the state court garnishment statutes apply once a case is removed to federal court. The case did not involve a garnishment proceeding, but a restraining order that was issued by the state court, and the question of whether or not a federal statute was intended to allow state-issued injunctions to remain in effect longer than that intended under state law. 415 U.S. at 423. The Court found that it did not, and that the restraining order should remain in effect no longer than the time period provided by the state rule, but in any event no longer than the time limitations imposed by the federal rule, measured from the date of removal. Id., at 439-440.

The Ninth Circuit decisions in Richards and Beecher likewise have very little applicability here. The Court in Harper analyzed the applicability of the federal rules to service of process, and announced, generally, that "[a]fter removal, federal rather than state law governs the course of the later proceedings." 864 F.2d at 87. The Court in Beecher also discussed the interplay between state and federal rules relating to service of process, and held that when a defendant has never been served process prior to removal, the federal court

can not "complete" the state process, but must issue new process pursuant to the federal rules. Beecher, 381 F.2d at 373. The 10th Circuit case cited by Plaintiffs also involved a service of process issue similar to Beecher, and in fact cited Beecher as authority in reaching the same conclusion. Wallace, 596 F.3d at 707.

Plaintiffs also argue that a Damron case can be litigated in federal court as a bad faith and breach of contract case, a declaratory judgment proceeding, or as a garnishment proceeding. Although the cases cited by Plaintiffs in support of this assertion are cases in which the appellate court was reviewing Damron agreements in the context of a breach of contract case[3], a declaratory judgment proceeding[4], and a garnishment proceeding[5], the fact remains that Plaintiffs filed this action as a garnishment proceeding. Plaintiffs cite no authority for the proposition that a garnishment proceeding is similar enough in substance to the other forms of action, to be treated as such. For instance, there are many federal rules that apply to civil actions initiated by a civil complaint, that have no applicability to writs of garnishment.

Plaintiffs argue that the removal to federal court "brought into play F.R.Civ.P. 81(c) and (c)(2)," that states in pertinent part:

> (c) Removed Actions.
> (1) Applicability. **These rules apply to a civil action after it is removed from a state court**.
> (2) Further Pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving ... a copy of the initial pleading stating the claim for relief;

---

[3] Lozier v. Auto Owners Ins. Co, 951 F.2d 251 (9th Cir. 1991)(case originally brought in state court as a bad faith and breach of contract action and then removed to federal court).

[4] Safeway Ins. Co., Inc. v. Botma, 2003 WL 24100783 (D.Ariz. 2003) (insurance company filed declaratory action in federal court alleging insured breached insurance policy by entering into Damron agreement).

[5] Thomas v. Liberty Mut. Ins. Co., 173 Ariz. 322; 842 P.2d 1335 (App. 1992) (state garnishment action filed against insurance company to enforce Damron agreement).

(B) 21 days after being served with the summons for an initial pleading ...; or

(C) 7 days after the notice of removal is filed.

(emphasis added by Plaintiffs).

Plaintiffs argue this rule supports their assertion that that the Federal Rules of Civil Procedure, not state garnishment statutes, apply to this action. Plaintiffs also cite Fed.R.Civ.P. 7(a), which sets forth which pleadings are allowed in federal court. A reply to an answer is allowed "if the court orders one." Fed.R.Civ.P. 7(a)(7). Plaintiffs assert that once this case was removed to federal court, "[they] were entitled to assume that this Damron case would proceed under the federal rules as a regular 'civil action,' and were not required to replead their action as a bad faith/breach of contract action in order for it to be treated as such." (Doc. 17, at 6.)

Garnishees, in their Reply, argue that the federal rules cited by Plaintiffs have no application to garnishment proceedings. A "reply" as contemplated by Fed.R.Civ.P. 7(a)(7) does not equate to an objection and request for a hearing in response to an answer to a writ of garnishment. (Doc. 18, at 4.) A "reply" as defined in Black's Law Dictionary is, "[i]n federal practice, the plaintiff's response to the defendant's counterclaim." (Id., at 4.) Furthermore, Garnishees assert, the Federal Rules of Civil Procedure specifically contemplate deferring to state law to enforce both state and federal judgments. For instance, Fed.R.Civ.P. 64(a) & (b) provides as follows:

(a) Remedies Under State Law - In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) Specific Kinds of Remedies. The remedies available under this rule include the following - however designated and regardless of whether state procedure requires an independent action:

arest;
attachment;
garnishment;
replevin;
sequestration; and
other corresponding or equivalent remedies.

Fed R. Civ. P. 69(a)(1) also provides as follows with respect to money judgments:

> Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution - and in proceedings supplementary to and in aid of the judgment of execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Citing this rule, the Ninth Circuit Court of Appeals has held that the analysis of execution proceedings in federal court begins with an analysis of state law, and that federal rules may apply to the extent they conflict directly with state rules. Hilao v. Estate of Ferdinand E. Marcos, 95 F.3d 848, 851-853 (9th Cir. 1996) ("California's requirements for service ...are not preempted by, but instead supplement [Fed.R.Civ.P.] 4.1" and are thus applicable). Also, at least one Arizona District Court, citing Rule 69(a) found that "[t]he validity of the writ of garnishment is governed by Arizona law." Wojtunik v. Kealy, 2009 WL 805816 *2 (D. Ariz. 2009).

This Court finds Plaintiffs' arguments unpersuasive. The authority they cite simply does not support their conclusion that A.R.S. § 12-1581(A) has no applicability once a state garnishment action is removed to federal court. Furthermore, Plaintiffs' argument that this garnishment action should proceed like any civil action ignores the federal rules specific to garnishment, and additionally, makes little practical sense. Plaintiffs claim that they still had time, pursuant to Fed.R.Civ.P. 81(c) to file a "Reply" contemplated by Fed.R.Civ.P. 7(a). Rule 7(a), however, provides that only the following pleadings are allowed: a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint and an answer to a third-party complaint. There is no mention in that rule of an "answer to a writ of garnishment."

Furthermore, Rule 3, Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." A garnishment proceedings is commenced by the filing for an application for writ of garnishment. See, A.R.S. §12-1572. On its face, Fed.R.Civ.P. 81(c) is specific to civil actions ... "[a]fter removal, repleading is unnecessary unless the court orders it. **A defendant who did not answer before removal** must answer or present other defenses or objections under these rules within the longest of

these periods ..." Fed. R.Civ.P. 81(c)(2) (emphasis added). At best, this rule may be applicable in garnishment proceedings to the extent that there are motions pending at the time of removal, such that the time period for a response would be extended. Here, Garnishees filed their Answers after removal.

Although Plaintiffs are correct that a Damron agreement may be litigated in a civil action, a garnishment proceeding, or by way of a declaratory judgment proceeding, Plaintiffs chose to proceed by way of garnishment. Plaintiffs argue that they should not have to "replead" their case as a civil action, suggesting that the proceedings are substantially the same. On the contrary, they are dissimilar in many respects. Garnishment proceedings are, by statute, conducted without a jury. A.R.S. §12-1584(E)(2003). They are also intended to be expedited. A.R.S. §12-1580(E)(2003). Garnishment is considered to be a "harsh remedy," justifying strict adherence to statutory requirements. Robert W. Irwin Co. v. Sterling, Inc., 14 F.R.D. 250, 254 (W.D.Mich. 1953). The Arizona legislature "enact[ed] a statutory scheme designed to protect [an innocent] garnishee from unnecessary, oppressive and extended litigation." DeSuno v. Safeco Ins. Co. of America, 118 Ariz. 553, 554; 578 P.2d 634, 635 (App. 1978).

In addition, in several District Court cases in Arizona, A.R.S. §12-1581(A) has been found applicable in federal garnishment proceedings. See, Reidhead v. Meyers, 2013 WL 6118699 (D.Ariz. 2013); Essex Music, Inc. v. Sonora Clarement, Inc., 2012 WL 78196 (D.Ariz. 2012); Dittmar v. Thunderbird Collection Specialists, Inc., 2008 WL 4369268 (D.Ariz. 2008); Carpenters Southwest Administrative Corp. v. Lone Cactus Const., 2008 WL 1994939 (D. Ariz. 2008).

In violation of A.R.S. §12-1581(A), Plaintiffs did not file an objection and request for hearing within 10 days after Garnishees filed their Answers. To this day, over four months later, Plaintiffs have still not filed an objection and request for hearing. For all of the above reasons, this Court will recommend that Garnishees' Notice of Lodging Judgment Pursuant to §12-1581(A) be granted, and that judgment be entered discharging the Garnishees.

**IT IS THEREFORE RECOMMENDED** that Garnishees' Notice of Lodging Judgment Pursuant to §12-1581(A), (Doc. 9), be granted, and that judgment be entered discharging the Garnishees.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 22nd day of January, 2014.

Michelle H. Burns
United States Magistrate Judge