**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Labertew, et al., | No. CV-13-01785-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Loral Langemeier, | |
| Defendant. | |

Pending before the Court are United States Magistrate Judge Michelle Burns' Report and Recommendation ("R&R") (Doc. 20) granting the Notice of Lodging Judgment (Doc. 9), Plaintiffs' objections to the R&R (Doc. 21), and Defendants' Motion for Order Terminating Non-Parties and/or for Substitution of Real Party in Interest (Doc. 23). The Court will accept the R&R and deny Defendants' motion.

**I.     Background.**

Plaintiffs filed a complaint in Maricopa County Superior Court against Fred Auzenne and Loral Langemeier, alleging claims for defamation, fraud, and other wrongs. Doc. 1-1. During trial, the parties entered into a stipulated judgment against Loral Langemeier in the amount of $1,500,000. Doc. 1-16 at 27-28. The judgment was part of what is commonly called a "Damron Agreement" under Arizona law, and included an assignment of Langemeier's claims against her insurance companies. *See Damron v. Sledge*, 460 P.2d 997 (Ariz. 1969). On July 29, 2013, Plaintiffs filed applications for writs of garnishment against Langemeier's insurance companies, Chartis Property

Casualty Company and 21st Century North America Insurance Company ("Garnishees"), seeking to recover on the $1,500,000 stipulated judgment. Doc. 1-16 at 31-35.

The Arizona garnishment statute provides that "[i]f it appears from the answer of the garnishee that he did not owe nonexempt monies to the judgment debtor . . . and if no written objection to the answer is timely filed, the court shall enter judgment discharging the garnishee." A.R.S. § 12-1581(A). Garnishees removed the proceeding to this Court and filed answers to the writs of garnishment on September 4, 2013, denying that they owed funds to Plaintiffs. Docs. 6-7. Plaintiffs did not file timely objections to the answers, and Garnishees filed a notice of lodging judgment, requesting that the Court enter judgment in their favor. Doc. 9.

The Court referred the proceedings to Magistrate Judge Michelle H. Burns. Doc. 19. Judge Burns recommended that Garnishees' proposed judgment be granted because Plaintiffs did not file timely objections as required by the Arizona garnishment statute. Doc. 20 at 8; A.R.S. § 12-1581(A). Plaintiffs filed objections to the R&R on February 5, 2014. Doc. 21.

In a separate motion, Defendants Fred Auzenne and Loral Langemeier move to terminate themselves as parties to this action. Doc. 23. Defendants also move to substitute Plaintiffs Marcus Labertew, John McDermott, and Jennifer McDermott as real parties-in-interest in Ms. Langemeier's place. Doc. 23.

**II.     Legal Standard.**

The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court must make a de novo determination as to any portion of the report and recommendation that is properly objected to by the parties. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). If no objections are filed, the district court is not obligated to review the report and recommendation. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

### III. Analysis.

Plaintiffs object to the R&R's conclusion that the state garnishment procedures, A.R.S. § 12-1580(A) and 12-1581(A), apply after removal to this Court. Doc. 21 at 12. Plaintiffs make several arguments. They contend that *Gonzales v. Whitney*, 367 P.2d 668 (Ariz. 1962), held that the Arizona Rules of Civil Procedure trump the Arizona garnishment statute, that the Federal Rules of Civil Procedure therefore also trump the Arizona garnishment statute, and that the federal rules do not require a reply to Garnishees' answers. *Id.* at 3. Citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967), Plaintiffs also argue that the state garnishment proceeding became "null and void" upon removal and that matters contained in Garnishees' answers were denied automatically under Federal Rule of Civil Procedure 7(a). *Id.* at 4-5. They also argue that Rule 81 requires Garnishees' answers to be treated as federal pleadings and not as responses to a state court garnishment process. *Id.* at 5-6; Fed. R. Civ. P. 81(c)(1) and (c)(2).

The Court does not agree. Plaintiffs are attempting to execute on the judgment they obtained in state court. They selected garnishment as their method of execution in state court, and commenced garnishment proceedings under Arizona's garnishment statute. Federal courts have long held that garnishment proceedings may be removed to federal court if they satisfy the requirements of diversity jurisdiction. *See Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12, 13 (9th Cir.1965) (state garnishment proceeding removable under 28 U.S.C. § 1441); *see also Travelers Prop. Cas. v. Good*, 689 F.3d 714, 725 (7th Cir. 2012) (same). This case appears to satisfy all diversity jurisdiction requirements. *See* Doc. 1.

After removal, Plaintiffs did not seek to have their action remanded to state court. And the action remained a garnishment proceeding. The applications for writs of garnishment were not amended by Plaintiffs in any way, and continued to assert that the insurance companies were garnishees indebted to Plaintiffs. Doc. 1-16 at 31-35.

As post-trial garnishment actions pending in federal court, these proceedings are governed by Rule 69(a) of the Federal Rules of Civil Procedure. That rule provides that

1  "[t]he procedure on execution – and in proceedings supplementary to and in aid of
2  judgment or execution – must accord with the procedure of the state where the court is
3  located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a).
4  Garnishment is a proceeding "supplementary to and in aid of judgment or execution"
5  within the meaning of this rule. *In re Hurley*, 148 B.R. 298, 301-02 (Bankr. N.D. Ill.
6  1992), *aff'd*, 158 B.R. 115 (N.D. Ill. 1993). As the Ninth Circuit has held, "'[s]tate law
7  has been applied under Rule 69(a) to garnishment, mandamus, arrest, contempt of a
8  party, and appointment of receivers,' when such actions are undertaken in aid of
9  executing on a judgment." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir.
10 2010) (quoting *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 (9th
11 Cir.1987)). Plaintiffs have identified no federal statute that would require procedures
12 other than those set by Arizona law. Thus, under the plain language of Rule 69(a), this
13 case "must accord with the procedure" of the Arizona garnishment statute.[1]

14  Plaintiffs cite *Gonzales v. Whitney*, 367 P.2d 668, to argue that the federal rules
15 trump the Arizona garnishment statute. Doc. 21 at 3. The Court agrees that the Federal
16 Rules of Civil Procedure apply in this case. And Rule 69(a) of those rules expressly
17 states that this action "must accord with the procedure" of Arizona law. Fed. R. Civ. P.
18 69(a); *see also Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996) (writ of
19 garnishment is governed by the law of the state in which the district court sits); *Wotjunik
20 v. Kealy*, No. CV 03-2161-PHX-PGR, 2009 WL 805816, at *2 (D. Ariz. Mar. 26, 2009)
21 (same, citing Rule 69(a)).

22  Plaintiffs also argue that the nature of their case changed when removed to this
23 Court, making it subject to the general rules of civil procedures and not Arizona's
24 garnishment procedures. The Court does not agree that removal somehow transformed
25 Plaintiffs' applications for writs of garnishment into something else – generic civil
26 actions, *Damron* actions alleging breach of contract and bad faith, or claims for

---

28  [1] Plaintiffs argue that this case must proceed as if it had been brought in federal court. Doc. 21 at 7. But if this garnishment action had been filed originally in this Court, Rule 69(a) would have required that it follow Arizona garnishment law.

- 4 -

1  declaratory judgment. Doc. 21 at 6. As noted above, Plaintiffs' applications were never
2  amended; they continue to seek writs of garnishment. The fact that they were removed to
3  this Court did not change them. Nor can the Court conclude that they became a *Damron*
4  complaint or a complaint for declaratory relief. Plaintiffs could have brought such
5  actions in state court or this Court, but they did not do so.[2] As masters of their own
6  pleadings, Plaintiffs chose to seek writs of garnishment and the removal of those writs to
7  federal court merely meant that Plaintiffs were now pursuing writs of garnishment in this
8  Court. Rule 69(a) states that such writs must accord with Arizona procedures.

9  Nor can the Court conclude that Rule 81 compels a different result. Rule 81(c)(1)
10 states that the federal rules apply to a civil action after it is removed, and Rule 69(a) of
11 those rules makes clear that this garnishment proceeding is governed by Arizona
12 procedures. Rule 81(c)(2) does provide general guidance for pleadings after removal –
13 guidance on which Plaintiffs seek to rely – but the Court cannot conclude that its general
14 terms prevail over the execution-specific terms of Rule 69(a). When construing a statute
15 or rule, the specific usually controls the general. *See United States v. Hernandez-Meza*,
16 720 F.3d 760, 764 (9th Cir. 2013) (following "the specific-controls-the-general canon").

17 The Court recognizes that the result in this case could be viewed as harsh. But
18 Plaintiffs chose to collect their judgment through a garnishment action initiated in state
19 court, and Rule 69(a) clearly provided that state law would continue to govern after the
20 action was removed to this Court. Plaintiffs clearly failed to comply with the ten-day
21 objection requirement of Arizona law, and Arizona courts hold that the garnishment
22 procedures are to be strictly applied. *Andrew Brown Co. v. Painters Warehouse, Inc.*,

---

[2] Plaintiffs cite cases in which Damron agreements have been enforced through civil or declaratory judgment actions, but these cases were brought as civil or declaratory judgment actions, not as garnishment proceedings. *See Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991) ("Lozier sued Auto Owners in Arizona state court on the bad-faith and contract claims. Auto Owners removed the case to federal district court."); *Safeway Ins. Co., Inc. v. Botma*, CIV00-553-PHX RCB, 2003 WL 24100783 (D. Ariz. Mar. 7, 2003), *aff'd sub nom. Safeway Ins. Co. v. Botma*, 129 F. App'x 355 (9th Cir. 2005) (Safeway Insurance Company "filed a complaint, seeking declaratory relief" that its insured breached the insurance policy by entering a Damron agreement).

466 P.2d 790, 791 (Ariz. Ct. App. 1970) ("Since garnishment is a creature of statute, garnishment proceedings are necessarily governed by the terms of those statutes. Thus, courts may not allow garnishment proceedings to follow any course other than that charted by the legislature." (citations omitted)); *Moody v. Lloyd's of London*, 152 P.2d 951, 953 (1944) ("garnishment is strictly a statutory proceeding and all pleadings under it must be in accordance with the statute"). The Arizona statute provides that "if no written objection to the answer is timely filed, the court shall enter judgment discharging the garnishee." A.R.S. § 12-1581. Having chosen the garnishment route for collecting their judgment, Plaintiffs are bound by its requirements.

The Court will deny Defendants' motion for terminating non-parties. Under Superior Court Judge Michael Gordon's order of April 8, 2013, Mr. Auzenne has already been terminated from this action. Doc. 1-16 at 10-13. And because the Court will adopt Judge Burns' finding and discharge the Garnishees, the motion to terminate Ms. Langemeier is moot.

**IT IS ORDERED:**

1. Magistrate Judge Michelle Burns' R&R (Doc. 20) is **accepted**.

2. Defendants' Motion for Terminating Non-Parties and/or for Substitution of Real Party in Interest (Doc. 23) is **denied as moot**.

3. The Court will enter Garnishees' proposed judgment.

Dated this 7th day of April, 2014.

_____
David G. Campbell
United States District Judge