1
2
3
4
5

Philip J. Nathanson (AZ Bar #013624)
THE NATHANSON LAW FIRM
8326 E. Hartford Dr., SUITE 101
SCOTTSDALE, AZ 85255
(480) 419-2578
(480) 419-4136-Fax
philipj@nathansonlawfirm.com

6

*Attorneys for Plaintiffs*

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

8
9
10
11
12

13

14

15
16
17
18
19
20

21

MARCUS LABERTEW a/k/a MARK
LABERTEW and JANE DOE
LABERTEW, HUSBAND AND WIFE;
JOHN MCDERMOTT a/k/a JACK
MCDERMOTT and JENNIFER
MCDERMOTT, HUSBAND and WIFE,

          Plaintiffs,
   v.

CHARTIS PROPERTY CASUALTY
COMPANY, otherwise known as
AIG CASUALTY COMPANY, and 21ST
CENTURY NORTH AMERICA
INSURANCE COMPANY, f/k/a
AMERICAN INTERNATIONAL
INSURANCE COMPANY,

          Defendants.

No. CV-13-01785-PHX-DGC

**PLAINTIFF'S AMENDED
COMPLAINT**

(ASSIGNED TO THE HONORABLE
JUDGE DAVID G. CAMPBELL)

**PLAINTIFFS DEMAND A TRIAL BY
JURY.**

22
23
24
25
26

          Plaintiffs, MARCUS LABERTEW, a/k/a MARK LABERTEW, and JANE DOE

LABERTEW, HUSBAND AND WIFE; JOHN MCDERMOTT a/k/a

JACK MCDERMOTT and JENNIFER MCDERMOTT, husband and wife, by their

attorneys, THE NATHANSON LAW FIRM, file this Amended Complaint, pursuant to

this Court's April 12, 2017, Order, against Defendants CHARTIS PROPERTY

CASUALTY COMPANY, otherwise known as AIG CASUALTY COMPANY, and

21ST CENTURY NORTH AMERICA INSURANCE COMPANY, f/k/a AMERICAN

INTERNATIONAL INSURANCE COMPANY, as follows:

1.     Plaintiffs, MARCUS LABERTEW, a/k/a MARK LABERTEW, and JANE DOE LABERTEW, HUSBAND and WIFE; JOHN MCDERMOTT a/k/a JACK MCDERMOTT and JENNIFER MCDERMOTT, husband and wife, filed an Arizona state court lawsuit against Fred R. Auzenne and Loral Langemeier in the Superior Court for the State of Arizona, Case No. CV 2010-051209, *Labertew et al. v. Auzenne et al.* (hereinafter sometimes referred to as the "state court action").   Plaintiffs claimed that Auzenne and Langemeier defrauded Marcus Labertew and John McDermott to get them to work for Auzenne and Langemeier's multilevel health-products company, Bio-Novix; defamed them regarding their employment at that company, owed them salary and expense money, and got John McDermott falsely arrested and imprisoned in Korea while on a business trip for that company.

2.     Defendants, CHARTIS PROPERTY CASUALTY COMPANY, otherwise known as AIG CASUALTY COMPANY, and 21ST CENTURY NORTH AMERICA INSURANCE COMPANY, f/k/a AMERICAN INTERNATIONAL INSURANCE COMPANY (hereinafter collectively referred to as "CHARTIS"), were the insurance carriers for Langemeier.

3.     On January 15, 2013, before trial in the state court, Langemeier tendered her defense to CHARTIS relating to Case No. CV 2010-051209, *Labertew et al. v. Auzenne et al.*   Included with the tender letter were Plaintiffs' First Amended Complaint, and excerpts from John McDermott's deposition in which he claimed he suffered a stroke as a result of defendants' actions, as well as other case information.

4.     By letter dated February 4, 2013 to Langemeier's counsel, CHARTIS denied coverage and denied Langemeier's tender of defense without seeking any additional information from Langemeier or her then representatives.

5.     CHARTIS owed Langemeier a duty to defend her from all potentially covered claims alleged in the First Amended Complaint.

6.    Because CHARTIS owed Langemeier a duty to defend her from all claims if there was one single potentially covered claim, which was clearly the case here given the physical injury (stroke) claim made by McDermott, CHARTIS owed Langemeier a duty to defend her from all claims asserted in the First Amended Complaint.

7.    CHARTIS owed Langemeier a duty to investigate and come forward with additional facts beyond the tendered materials to support its denial of a defense and the denial of coverage/indemnity.

8.    CHARTIS denial letter incorrectly stated that Langemeier was an officer of BioNovix.

9.    CHARTIS performed no investigation to determine whether Langemeier had a financial stake in BioNovix.

10.    CHARTIS came forward with no evidence that Langemeier made a prejudicially late tender because no such evidence exists.

11.    On February 27, 2013, the parties in the state court action, agreed to the material terms of a settlement agreement of that action.  Langemeier stipulated to a judgment of $1,500,000, which was reasonable on her behalf given the conduct of the Defendants, and she and Auzene agreed to pay a sum in cash to Plaintiffs as well.

12.    As part of the settlement, Langemeier entered into a *Damron* agreement with Plaintiffs because her insurance carriers refused to defend and indemnify her in the state court action [Doc. 1-16, pp. 10-29].  Pursuant thereto, Langemeier assigned her claims against CHARTIS to Plaintiffs pursuant to *Damron v. Sledge*, 105 Ariz. 11, 460 P.2d 997 (1969).  These claims included that CHARTIS failed to timely and properly investigate the claims against Langemeier; improperly denied coverage; failed to comply with the reasonable expectations of Langemeier; failed to investigate the duties it owed under the insurance policies; failed to adequately communicate with and/or advise Langemeier regarding the policies; failed to give equal consideration to the interests of Langemeier; failed to consider the applicable authority addressing the

relevant issues; failed to satisfy its obligations, *inter alia*, to defend and indemnify Langemeir; and violated state and federal law related to unfair claims handling practices.

13. On June 5, 2013, the Superior Court entered a stipulated judgment against Judgment Debtor Loral Langemeier.

14. The outstanding balance due on the stipulated judgment is $1,500,000.

15. CHARTIS is indebted to Plaintiffs under *Damron* for the bad faith and unreasonable conduct alleged herein.

16. After the entry of judgment in the Superior Court, Plaintiffs filed their state court garnishment process in the Superior Court case to enforce their *Damron* agreement and assignment [Doc. 1-16, pp. 31-59]. The Defendant-Garnishees were served with that process while the case was in the state court, but they did not file an Answer in state court [Doc. 1, at p. 2]. Instead, the Garnishees first filed a Notice of Removal in this Court, alleging [Doc. 1, at pp. 3-5] that this case is a "civil action" under the federal diversity statute, 28 U.S.C. § 1332.

17. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and Defendants invoked this venue by filing of a Notice of Removal.

18. There was a legal duty implied by law in the insurance contract between CHARTIS and Langemeier, to the effect that the insurance company must act in good faith in dealing with its insured on a claim, and that violation of that duty of good faith constituted a tort. The breach of that duty gives rise to an insurance bad faith claim and tort damages based upon the special relationship that existed between the insurer here and its insured, Langemeier.

19. CHARTIS, as the indemnitor, is bound by the settlement made by its indemnitee, Langemeier, where, as here, the indemnitor was given notice and an opportunity to defend, and unreasonably refused that opportunity. Here, that indemnitor, CHARTIS, is liable to that indemnitee because the settlement Langemeier made was reasonable and prudent under all the circumstances.

4

WHEREFORE, Plaintiffs, MARCUS LABERTEW, a/k/a MARK LABERTEW, and JANE DOE LABERTEW, HUSBAND AND WIFE; JOHN MCDERMOTT a/k/a JACK MCDERMOTT and JENNIFER MCDERMOTT, husband and wife, request this Court to: (i) enter judgment against Defendants, CHARTIS PROPERTY CASUALTY COMPANY, otherwise known as AIG CASUALTY COMPANY, and 21ST CENTURY NORTH AMERICA INSURANCE COMPANY, f/k/a AMERICAN INTERNATIONAL INSURANCE COMPANY, in an amount in excess of the jurisdictional minimum for actual and punitive damages; (ii) to impose attorney fees on Defendants;  and (iii) to grant such other and further relief that is legally appropriate.

RESPECTFULLY SUBMITTED this 28th day of April, 2017.


THE NATHANSON LAW FIRM

 _/s/Philip J. Nathanson_____
Philip J. Nathanson


*Attorneys for Plaintiffs*


Philip J. Nathanson
THE NATHANSON LAW FIRM
8326 E. Hartford Dr., SUITE 101
SCOTTSDALE, AZ 85255
(480) 419-2578
(480) 419-4136-Fax
philipj@nathansonlawfirm.com
*Attorneys for Plaintiffs*

I hereby certify that on 28th day of April, 2017,
I electronically transmitted the foregoing
document to the U.S. District Court Clerk's
Office by using the CM/ECF System for filing
and transmittal of a Notice of Electronic
filing to the following CM/ECF registrants:

Steven G. Mesaros, #009215
Randy L. Kingery, #022913
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
Telephone: (602) 307-9900
Facsimile: (602) 307-5853
smesaros@rcdmlaw.com
rkingery@rcdmlaw.com
docket@rcdmlaw.com


By:    Philip J. Nathanson