Philip J. Nathanson (AZ Bar #013624)
Kate Sokolova (AZ Bar #032559)
**THE NATHANSON LAW FIRM**
8326 E. Hartford Dr., SUITE 101
SCOTTSDALE, AZ 85255
(480) 419-2578
(480) 419-4136-Fax
philipj@nathansonlawfirm.com
kate.sokolova@nathansonlawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARCUS LABERTEW a/k/a MARK LABERTEW AND JANE DOE LABERTEW, HUSBAND AND WIFE; JOHN MCDERMOTT a/k/a JACK MCDERMOTT AND JENNIFER MCDERMOTT, HUSBAND AND WIFE, <br><br> Plaintiffs, <br> v. <br><br> CHARTIS PROPERTY CASUALTY COMPANY, otherwise known as AIG CASUALTY COMPANY, and 21ST CENTERY NORTH AMERICA INSURANCE COMPANY, f/k/a AMERICAN INTERNATIONAL INSURANCE COMPANY, <br><br> Defendant. | No. CV-13-01785-PHX-DGC <br><br> **PLAINTIFFS' MOTION FOR EXTENTION OF TIME TO COMPLY WITH RULE 26(a)(2)(A)-(C) EXPERT DISCLOSURES AND RELATED DEADLINES** <br><br> **(First Request)** <br><br><br> (ASSIGNED TO THE HONORABLE JUDGE DAVID G. CAMPBELL) |

Plaintiffs, through the undersigned counsel, hereby submit their First Request for Extension of time to Disclose Expert Witnesses, their Opinions and Related Deadlines pursuant to Rule 26(a)(2)(A) – (C) of the Federal Rules of Civil Procedure.

1. Plaintiffs served their written discovery on Defendants on November 28, 2017. As part of the discovery requests Plaintiffs requested Defendants to produce claims policy manuals and documents related to claims policies. On November 20, 2017 Defendants' counsel acknowledged the receipt of Plaintiffs' written discovery.

2. On December 19, 2017, Defendants' counsel acknowledged the deadline for written discovery to be January 2, 2018 and requested an extension to January 16, 2018. Plaintiffs' responded that January 16, 2018 was an initial deadline for written discovery but agreed to extend the deadline to January 12, 2018 on the condition that Plaintiffs receive the responses on that day. On January 12, 2018, Plaintiffs' counsel received an email from Defense counsel stating that discovery responses had been mailed to Plaintiffs. However, the email did not contain any responses or responsive documents. After an email from Plaintiff pointing out that Defendants failed to comply with the Parties' extension agreement, Defendants' counsel emailed the responses on January 13, 2018.

3. Defendants refused to produce any policy or manual used by them in the claims process of evaluating a claim, stating that the information sought was irrelevant overly broad and burdensome to produce. Upon reviewing the Documents produced, on February 7, 2018, Plaintiffs' counsel wrote a letter to Defendants' counsel listing what counsel believed to be inadequate responses and requesting a meet and confer conference. On February 14, 2018 Defendants' counsel acknowledged the receipt of the letter and informed Plaintiffs' counsel that he set up a conference call with the Defendants to discuss the letter. Defense counsel promised to call back with the results in a week. Thereafter, Plaintiffs' counsel re-sent the meet and confer letter on March 12, 2018, with the request to schedule the conference. The conference was held on March 14, 2018. During the conference Plaintiffs inquired about the reasons for redactions of the produced documents and asked why no privilege log had been produced. Thereafter, Defense counsel emailed that privilege log after the meet and confer conference took place. Defendants also agreed to produce a Claims Handling Guidelines manual subject to a protective order. The guidelines were finally produced on March 19, 2018, at 5:37PM on the night before scheduled 30(b)(6) Deposition of the supervisor of claims for Defendant AIG.

4. Plaintiffs were denied access to the guidelines up until March 19, 2018, yet were supposed to receive it on January 12, 2018 along with other documents produced, in order to have sufficient time for finding an expert in the claims handling field.

5. Additionally, on February 7, 2018 Plaintiffs noticed a deposition of the claims handler Elisa Wheeler for February 27, 2018. On February 09, 2018 Plaintiffs noticed a 30(b)(6) deposition for March 1, 2018. On February 14, 2018 Plaintiffs noticed a deposition of Ms. Wheeler's supervisor Mike Mansour and Brian Applebee. Thereafter, on February 21, 2018 Defendants counsel informed Plaintiffs that neither Ms. Wheeler nor Mr. Mansour are available for a deposition as they are no longer employed by Defendants. Counsel also stated that a Mr. Applebee is not available because he is in New Jersey. After several discussions Defendants notified Plaintiffs that Mr. Applebee is designated as a 30(b)(6) deponent and will appear for a deposition on March 20, 2018. Thus, Plaintiffs were continuously denied access to the information in a timely manner.

6. Finally, on March 26, 2018, this Court ordered the parties to fully brief their positions with respect to ongoing discovery disputes. As this Court is aware, the Parties are in disputes regarding the redaction of certain documents contained in a claims file. If after the full briefing and review of the Parties' positions, this Court agrees with the Plaintiffs, Plaintiffs will have access to additional information on which an expert witness in claims handling will need to properly formulate an expert opinion.

7. On March 28, 2018, Plaintiffs' counsel emailed Defendants' counsel indicating of their intention to request an extension of the below-listed deadlines and attached the first draft of the motion. As of the moment of filing this motion Defendants' counsel was unable to state whether Defendants agree or disagree to extend the deadlines.

**WHEREFORE**, Plaintiffs move for an extension following deadlines to comply with the Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure:

- Reschedule a deadline for Plaintiffs to provide their expert disclosures to April 23, 2018.
- Reschedule a deadline for Defendants to provide their expert disclosures to May 23, 2018.
- Reschedule a deadline for Parties' rebuttal expert disclosures to June 15, 2018.
- Reschedule a deadline to complete expert depositions to July 20, 2018.
- Reschedule a deadline for dispositive motions to August 27, 2018.

3

Alternatively, Plaintiffs move for an extension of time to make their Rule 26(a)(2)(A)-(C) expert disclosures due 7 days after Defendants provide any additional coverage discovery pursuant to this Court's ruling on the parties' discovery dispute. Plaintiff further requests all of the associated and listed-above deadlines to be moved accordingly.

**DATED** this 29th day of March, 2018.

**THE NATHANSON LAW FIRM**

/s/ Philip J. Nathanson
*Attorney for Plaintiffs*

Philip J. Nathanson
**THE NATHANSON LAW FIRM**
8326 E. Hartford DR. SUITE 101
SCOTTSDALE, AZ 85255
(480) 419-2578
(480) 419-4136 (Fax)
philipj@nathansonlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29th, 2018, I electronically transmitted the attached document to the Clerk's office using CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to the following CM/ECF registrants:

Steven Mesaros (SMesaros@rcdmlaw.com)
Randy Lee Kingery (randy@kingerylawgroup.com)
Kelly Ann Hedberg (khedberg@rcmlaw.com)
**RENAUD COOK DRURY MESAROS, PA**
One North Central, Ste.900
Phoenix, AZ 85004-4117

By: /s/ Kate Sokolova