1    Steven G. Mesaros, #009215
     Kelly A. Hedberg, #024934
2    Randy L. Kingery, #022913
     **RENAUD COOK DRURY MESAROS, PA**
3    One North Central, Suite 900
     Phoenix, Arizona 85004-4417
4    Telephone: (602) 307-9900
     Facsimile: (602) 307-5853
5    E-mail: *docket@rcdmlaw.com*
            *smesaros@rcdmlaw.com*
6           *khedberg@rcdmlaw.com*
            *rkingery@rcdmlaw.com*
7

8    *Attorneys for Defendants Chartis Property*
     *Casualty Company and 21st Century North*
     *American f/k/a American International*
9    *Insurance Company*

10            **IN THE UNITED STATES DISTRICT COURT**

11              **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 12   Marcus Labertew a/k/a Mark Labertew and Jane Doe Labertew, husband and | **CV-13-01785-PHX-DGC** |
| 13   wife; John McDermott a/k/a Jack McDermott and Jennifer McDermott, | |
| 14   husband and wife, | **STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY** |
| 15          Plaintiffs, | **JUDGMENT** |
| 16   v. | {ORAL ARGUMENT REQUESTED} |
| 17   Chartis Property Casualty Company, otherwise known as AIG Casualty | |
| 18   Company, and 21st Century North America Insurance Company, formerly | |
| 19   known as American International Insurance Company, | *(Assigned to the Honorable David G. Campbell)* |
| 20 | |
|          Defendants. | |
| 21 | |

22

23       Defendants, pursuant to Fed.R.Civ.P. 56(a) and (c) and LRCiv. 56.1(a), submit

24 this Statement of Facts in Support of the Motion for Summary Judgment filed

25 contemporaneously herewith.

26       1.     This action concerns an insurance coverage dispute between Plaintiffs

27 and Defendants, stemming from a homeowner's and excess liability insurance policy

28

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

(Page 1, CV-13-01785-PHX-DGC)       [1004-1285]

3748455.v1

issued by Defendants[1] to Loral Langemeier ("Langemeier"). (***Exhibit 1***, Homeowner's Insurance Policy ("HO Policy"), and ***Exhibit 2,*** Excess Liability Insurance Policy ("EL Policy")).

2.      The HO Policy is Numbered PCG 0002932963 and the Personal EL Policy is Numbered PCG 0001088994 (collectively referred to as "Policies"). Each policy had policy periods spanning June 26, 2009 to June 26, 2010, and each bearing its own coverage provisions, terms, exclusions, and conditions. (***Exhibit 1*** and ***Exhibit 2***).

3.      The HO Policy contains policy Exclusions which state as follows:

**E.   Exclusions**

This policy does not provide coverage for liability, defense costs or any other cost or expense for:

* * * *

**5.**   Directors Errors or Omissions

**Personal injury** or **property damage** arising out of any **insured person's** acts, errors or omissions as an officer or member of the board of directors of any corporation or organization. This exclusion does not apply to **personal injury** or **property damage** arising out of an **insured person's** actions for a non-profit corporation or organization or for a Condominium or Cooperative Association unless another exclusion applies.

* * * *

**11. Business** Pursuits

**Personal injury** or **property damage** arising out of an **insured person's business** property or **business** pursuits, investment activity or any activity intended to realize a profit for either an **insured person** or others. However, this exclusion does not apply to:

**a.**   Volunteer work for an organized charitable, religious or community group;

**b.**   **Incidental business** activity; or

**c.**   Limited **Residence** Premises **Business** Liability Coverage.

* * * *

**15.** Contractual

**Personal injury** or **property damage** arising from contracts or agreements, whether written or unwritten:

---

[1] Defendant American International Insurance Company (AIIC) has a relation to the American International Group (AIG) and for purposes of this litigation the acronyms have been used interchangeably. (*See generally* [*Doc. 46*] at 2:13-23 for the technical relationship).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004

3748455.v1

a. Made in connection with any **insured person's business;** or

b. In which the liability of others is assumed after a covered loss.

\* \* \* \*

17. Intentional Acts

**Personal injury** or **property damage** resulting from any criminal, willful, intentional or malicious act or omission by any person. We also will not cover claims for acts or omissions of any person which are intended to result in, or would be expected by a reasonable person to cause, **property damage** or **personal injury.** This exclusion applies even if the injury or damage is of a different kind or degree, or is sustained by a different person, than expected or intended. This exclusion does not apply to **bodily injury** if the **insured person** acted with reasonable force to protect any person or property.

(***Exhibit 1***, at pp. AIG00019-AIG00020).

4.    The EL Policy contains the following Exclusions:

**PART V – WHAT IS NOT COVERED - EXCLUSIONS**

**A.   As respects Excess Liability, Limited Employment Practices Liability and Limited Charitable Board Directors and Trustees Liability:**

This insurance does not provide coverage for liability, defense costs or any other cost or expense:

\* \* \* \*

6. Business Pursuits

Arising out of an **insured person's business** property or **business** pursuits, investment activity or any activity intended to realize a profit for either an **insured person** or others.

However, this exclusion does not apply to:

a. Volunteer work for an organized charitable, religious or community group;

b. **Incidental business** activity;

c. Limited Residence Premises **Business** Liability coverage; or

d. Residences held for rentals which are listed on the Declarations Page.

\* \* \* \*

8. Intentional Act

Arising out of any criminal, willful, fraudulent, dishonest, intentional or malicious act or omission by any person, or the gaining of any profit or advantage to which an **insured person** is not entitled. We will not cover any amount for which the **insured** person is not financially liable or which are without legal recourse to the insured person. We also will not cover claims for acts or omissions of any person which are intended to result in, or would be expected by a reasonable person to cause, **property damage** or **personal injury.**

This exclusion applies even if the injury or damage is of a different kind or degree, or is sustained by a different person, than expected or intended. This exclusion does not apply to **bodily injury** if the **insured person** acted with reasonable force to protect any person or property.

\* \* \* \*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

3748455.v1

**B. As respects Excess Liability, the following also applies:**

This insurance does not provide coverage for liability, defense costs or any other cost or expense:

* * * *

**4.** Director's Errors or Omissions

Arising out of any **insured person's** acts, errors or omissions as an officer or member of the board of directors of any corporation or organization. This exclusion does not apply to an **insured person's** actions for a non-profit corporation or organization, a condominium or cooperative association or coverage provided under the Limited Charitable Board Directors and Trustees Liability coverage of this policy.

(***Exhibit 2,*** at pp. AIG00062–AIG 00064).

5.     Plaintiffs sued Langemeier in Maricopa County Superior Court Case Number CV2010-051209 encaptioned *Marcus Labertew aka Mark Labertew; John McDermott, and Jennifer McDermott v. Fred Auzenne and Lorel Langemeier* (the "Lawsuit"). (***Exhibit 3,*** Plaintiffs' First Amended Complaint "FAC" filed May 8, 2012).

6.     The Lawsuit proceeded for nearly three years before Langemeier's counsel tendered Langemeier's defense to Defendants by letter dated January 15, 2013. The two-page letter included the operative Plaintiffs' FAC (***Exhibit 3***), eight pages of a deposition of John McDermott, and seven pages of a January 4, 2013 oral argument transcript, and indicated trial was to start February 25, 2013, some 41 days after the date of the letter. (***Exhibit 4,*** Letter from Nathan D. Meyer to Mike Menath Insurance, Inc. dated January 15, 2013 with original attachments ("Tender Letter")).

7.     Langemeier's attorney stated that the FAC (***Exhibit 3***) made a defamation claim, and that Mr. McDermott testified the alleged defamatory remarks caused him bodily injury. (***Exhibit 4***, p. 1). Langemeier's attorney also stated that comments in the January 4, 2013 summary judgment oral argument hearing indicated for the first time that Plaintiffs in the Lawsuit contended Langemeier's defamatory comments were made in her personal capacity rather than in her capacity as an agent for BioNovix. (*Id.*).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

3748455.v1

8. The Tender Letter cites and quotes Arizona cases and law supporting the basis for the tender. (*Id.*). As a result, Defendants consulted Arizona coverage counsel. (***Exhibit 5***, at AIG00179; ***Exhibit 6***,[2] Applebee Dep., at 29:11-17).

9. Plaintiffs' FAC alleges Langemeier was an officer and director of a corporation called BioNovix (***Exhibit 3***, at ¶¶ 2, 15, 17), which was engaged in the sales of health products internationally. (*Id.*, at ¶ 6; *see also **Exhibit 7***,[3] Langemeier Dep., at 23:8-14).

10. Langemeier was also one of the largest percentage of BioNovix's shareholders. (*Id.*, at 28:11-18).

11. Plaintiff Labertew, in an email dated January 15, 2009, discusses his perceived role and achievements with BioNovix, indicating he "increased sales over prior year by $300K." (*See **Exhibit 8***, Email from Labertew to Langemeier dated January 15, 2009, JABURG 005665-67).

12. Plaintiff Labertew, in an email dated February 25, 2008, discusses BioNovix "revenue" from "January" as totaling $462K. (*See **Exhibit 9***, Email from Labertew to Langemeier dated February 25, 2008, JABURG 005652).

13. BioNovix employed both Jack McDermott ("McDermott") and Mark Labertew ("Labertew"). (***Exhibit 3***, at ¶¶ 7 and 8).

14. Plaintiffs' FAC alleges a series of events involving their employment with BioNovix and Langemeier's conduct to support the Judgment.[4] (*Id.*, at ¶¶ 6-50).

15. Langemeier's alleged tortious conduct in Plaintiffs' FAC included or involved discussing (or failing to discuss) BioNovix business issues with Plaintiffs (*Id.*, at ¶¶ 8, 9, 10, 11), conference or investor calls related to BioNovix (*Id.*, at ¶¶ 12, 13, 14), BioNovix press releases (*Id.*, at ¶ 15), assertions concerning a company

---

[2] Excerpts of the deposition of Brian Applebee dated March 20, 2018 are collectively attached as ***Exhibit 6***.

[3] Excerpts of the deposition of Loral Langemeier dated July 27, 2012 are collectively attached as ***Exhibit 7***.

[4] *See* Defendants' Statement of Facts, ¶ 33 *supra* for defined term. (***Exhibit 16***, Judgment against Loral Langemeier).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

3748455.v1

"move" and/or assets (*Id.,* at ¶ 16), BioNovix's Korean operations (*Id.,* at ¶ 17), BioNovix server issues (*Id.,* at ¶18), closure of the BioNovix office (*Id.,* at ¶ 19), Plaintiffs' Korean business trip, alleged theft of BioNovix's business, alleged misrepresentations of Plaintiffs' activities to Korean distributors and/or investor(s), and BioNovix compliance with Korean law (*Id.,* at ¶¶ 20-22), and the termination of Plaintiffs from BioNovix. (*Id.,* at ¶¶ 24-26).

16. As of January 2009, after the other two BioNovix board members resigned, Langemeier stated "I am the board." She also described herself as "the last one standing." (*Id.*, at ¶ 15).

17. Plaintiffs' FAC (*Exhibit 3*) Count I – was based on defamatory statements that were made by Langemeier to "public, to customers, to distributors, shareholders and vendors that Plaintiffs had, in the course of their employment with defendants [BioNovix] converted corporate [BioNovix] assets, taken distributors property, and acted in a disloyal and unprofessional manner toward BioNovix." (*Id.,* at ¶¶ 27-30; *see also Exhibit 10,* Plaintiffs' Responses to Defendants' First Set of Interrogatories dated January 19, 2018, at 2:8-3:4).

18. Plaintiffs' FAC (*Exhibit 3*) Count I – further defined the defamatory statements made by Langemeier as being "during conference calls with independent distributor and investors […]" discussing the business of BioNovix. (*Exhibit 3*, ¶ 30; *see also Exhibit 10,* Plaintiffs' Responses to Defendants' First Set of Interrogatories dated January 19, 2018, at 2:8-3:4).

19. Plaintiffs' FAC (*Exhibit 3*) Count III – False Arrest, False Imprisonment and Malicious Prosecution was predicated on the allegations that John McDermott was "sent to South Korea by BioNovix, Inc. to address structural and business compliance issues with the BioNovix Korea affiliated entity" (*Exhibit 3*, at ¶ 39; *Id.*, at ¶¶ 20-22), and that Langemeier had "problems with Korean distributors, which problems [Langemeier] falsely attributed to plaintiff John McDermott" (*Id.,* at ¶ 40), "caus[ing] [McDermott] to be arrested and charged with a crime in Korea." (*Id.,* at ¶ 41).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

3748455.v1

20.     Plaintiffs' FAC (*Exhibit 3*) Count IV – Tortious Interference with Contractual Relations was predicated on the "Plaintiffs' contracts with BioNovix" and the termination of Plaintiffs' employment with BioNovix (*Id.*, at ¶¶ 42-44) and Plaintiffs' "business expectancies" with BioNovix and others. (*Id.*, at ¶ 45). The BioNovix post-termination defamatory press releases were likely caused by Langemeier as the only member of the BioNovix board at the time of publication. (*Id.*, at ¶ 15).

21.     The basis for Mr. McDermott's stroke (bodily injury) was based on events Langemeier caused in South Korea while Mr. McDermott was on BioNovix business, which led to his arrest. (*Exhibit 3*, at ¶¶ 20, 21, 40-42; *Exhibit 10*, at 6:26-8:14).

22.     The partial transcript sent by Langemeier's attorney with the Tender Letter *(Exhibit 4)* addressed Plaintiffs' argument for Langemeier's personal liability. They argued she was not acting in the authorized capacity as a representative of BioNovix. Specifically, they argued "because there was not a legitimately constituted board of directors, Loral Langemeier's statements weren't made on behalf of the company…. This has been [Plaintiffs'] contention throughout this whole litigation going back to day one, is that Loral Langemeier was not authorized **as one board member** to take any actions on the part of [BioNovix]." (Emphasis added). (*Exhibit 4*, specifically Exhibit 3 to Tender Letter, Transcript of Oral Argument, at 31:17–24).

23.     Plaintiffs have explained in their briefing in this action "Plaintiffs contended in the underlying state tort case that the BioNovix Board of Directors lacked a quorum, was not properly constituted and Langemeier could not act on behalf of the corporation, BioNovix, Inc.   Therefore, Langemeier was not in the pursuit of a business purpose when she wronged the Plaintiffs" ([*Doc. 49*], at 7:5–7) because "it is undisputed in this case that Defendant Langemeier claimed to be the only director." (*Id.*, at 7:13-15).

24.     Plaintiffs' explanation for Langemeier's personal liability is that Langemeier was the sole remaining board member, her conduct could not constitute

LAW OFFICES
RENAUD COOK
DRURY MESAROS
SUITE 900
ONE NORTH CENTRAL
PHOENIX, AZ 85004

3748455.v1

the acts of a fully constituted board of directors, which might have given her certain immunities or privileges from liability. (*[Doc. 49]*, at 7:5–28–8:1–24).

25.     On January 28, 2013, Nathan Meyer, counsel for Langemeier, forwarded one additional document to Defendants, a Declaration of Jack McDermott, and explained in the attendant email it was for the purpose of demonstrating an alleged bodily injury. (***Exhibit 11***, Email from Meyer to Wheeler dated January 28, 2013 with attached Declaration).

26.     The Declaration of Jack McDermott alleges McDermott had a stroke "as a direct result of the stress caused by [Langemeier's]" actions in connection with BioNovix. (***Exhibit 11***, Declaration in its entirety, and specifically at ¶ 14.)

27.     Defendants considered the documents received from Nathan Meyer on behalf of Langemeier with attachments, and responded to Langemeier and her counsel by letter dated February 4, 2013. (***Exhibit 12***, Letter to Langemeier dated February 4, 2013; ***Exhibit 6,*** Applebee Dep., at 22:10-25; 23:10-23).

28.     Defendants' letter ***(Exhibit 12)*** described that they were advising Langemeier of their "current position with respect to coverage," that based on the documents presented by Langemeier's counsel it appeared that coverage was inapplicable, but to the extent Langemeier or her counsel disagreed, they were asked to provide nine categories of information to assist Defendants in further evaluating the claim. (*See **Exhibit 12*** in its entirety).

29.     The Defendants' letter ***(Exhibit 12)*** described that their "investigation was ongoing" and that "additional information and/or investigation may result in re-evaluation." (*Id.* at p. 2).

30.     Neither Langemeier nor her counsel provided additional information of any kind to Defendants in response to the request in the Defendants' letter. (***Exhibit 6***, Applebee Dep., at 22:10-25; 23:10-23).

31.     Brian Applebee (the Defendants' Fed.R.Civ.P. 30(b)(6) witness) testified that the Defendants believed the claims made in the subject FAC (***Exhibit 3***), based on

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

3748455.v1

the materials provided to the Defendants, were excluded by exclusions contained in the subject insurance policies. (**Exhibit 6**, Applebee Dep. at 22:10-13; 28:7-12; 67:12-17).

32. Trial in the Lawsuit started on February 25, 2013. (**Exhibit 13**, Trial Minute Entry – Day 1, dated February 25, 2013 (filed March 1, 2013).

33. During the third day of trial in the Lawsuit, on February 27, 2013, the Parties to the Lawsuit agreed to the material terms of a settlement, including a $1.5 million stipulated Judgment against Langemeier. (**Exhibit 14**, Trial Minute Entry– Day 3, dated February 27, 2013 (filed March 1, 2013); *see also* [*Doc. 42*], at 3:15-17; [*Doc. 46*], at 3:23-25).

34. The Parties to the Lawsuit further entered into a "*Damron*" Agreement, purportedly assigning Langemeier's rights under Defendants' policies to Plaintiffs. (**Exhibit 15**, the "*Damron*" Agreement; [*Doc. 42*], at 3:19-21; [*Doc. 46*], at 3:26-4:2; [*Doc. 49*], at 2:18-28; 3:1).

35. Judgment was later entered against Langemeier in the Lawsuit in the amount of $1.5 Million, signed by Judge Gordon on June 3, 2013 and filed on June 5, 2013 (the "Judgment"). (**Exhibit 16**, Judgment against Loral Langemeier).

36. Plaintiffs' "Amended Complaint" in this action [*Doc. 42*] seeks to recover the amount of the Judgment (**Exhibit 16**) by way of this action, [*Doc. 42*], at ¶¶ 14, 19], and alleges "bad faith." (*Id.*, at ¶ 15).

37. Plaintiffs herein also appear to try to claim entitlement to claims for both Langemeier's alleged emotional distress, as well as Plaintiff McDermott's alleged emotional distress. (**Exhibit 17**, Letter from Philip Nathanson to Steven Mesaros dated August 24, 2018).

38. Plaintiffs' purported emotional distress claims for themselves and Langemeier are not included in Plaintiff's [sic] Amended Complaint [*Doc. 42*], nor in Plaintiffs' Rule 26(a) Initial (and only) Disclosure Statement dated January 12, 2018. (**Exhibit 18**).

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

(Page 9, CV-13-01785-PHX-DGC)          [1004-1285]

3748455.v1

**RESPECTFULLY SUBMITTED** this 28th day of September, 2018.

**RENAUD COOK DRURY MESAROS, PA**

By */s/Steven G. Mesaros*
Steven G. Mesaros
Kelly A. Hedberg
Randy L. Kingery
One North Central, Suite 900
Phoenix, Arizona 85004-4417
*Attorneys for Defendants Chartis*
*Property Casualty Company and 21st*
*Century North American f/k/a American*
*International Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

Honorable David G. Campbell
**UNITED STATES DISTRICT COURT**
Sandra Day O'Connor
U.S. Courthouse, Suite 623
401 W. Washington Street, SPC 58
Phoenix, AZ 85003-2156

Philip J. Nathanson, Esq.
Kate Sokolova, Esq.
**THE NATHANSON LAW FIRM**
8326 E. Hartford Dr., Suite 101
Scottsdale, AZ 85255
*Attorneys for Plaintiffs*

*/s/Vicki L. Cobbs*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004

3748455.v1